### STATE ex rel. HAFF v. SCHLACHTER, Sheriff.

Where the executive warrant issued in extradition proceedings is in due form, the burden is on defendant as relator in habeas corpus proceedings of overcoming the prima facie case thereby established.

Where, in habeas corpus proceedings by one arrested on extradition warrant, no attempt was made to show when the crime was committed, or that there was any error as to the date stated in the affidavit on which the demand was founded, relator was simply required to establish the fact that he was not personally present in the demanding state on the date charged.

In habeas corpus proceedings by one arrested on extradition warrant, evidence examined and **held** insufficient to justify relator's discharge.

(Opinion filed, April 18, 1907.)

Appeal from Circuit Court, McPherson County. Hon. LYMAN T. BOUCHER, Judge.

Habeas corpus by the state, on the relation of John H. Haff against Jerry Schlachter, sheriff of Edmunds county. From an order refusing to vacate an order denying relator's application for discharge, relator appeals. Affirmed.

*Charles H. Bartelt* and *James M. Brown*, for appellant.

Actual personal presence in the demanding state at the time of the commission of the offense is essential to make one a fugitive from justice. Ex parte Smith, 3 McLean 121, Storey's Case, 3 Cent. L. J. 636; Jones v. Leonard, 50 Iowa 106; Wilcox v. Nolze, 34 Ohio St. 520; Re Mohr, 73 Ala. 503, Tennessee v. Jackson, 36 Fed. Rep. 258; Hartman v. Aveline, 63 Ind. 344; Hawley Interstate

extradition, 36, 108; Spear on Extradition, 395, 400, 499, 500; 2 Moore Extradition & Rendition, 937; U. S. Const., Art. 4, 2; U. S. Rev. Stat. 5278. Presence in the state and flight from it are jurisdictional. Ex parte Reggel, 114 U. S. 642; Roberts v. Reilly, 116 U. S. 80; Jones v. Leonard, 50 Iowa 106; Ex parte Smith, 3 McLean 121; Tennessee v. Jackson, 36 Fed. Rep. 258; Hartman v. Aveline, 63 Ind. 344; Wilcox v. Nolze, 34 Ohio St. 520; Re Mohr, 73 Ala. 503; Spear Extradition, 395-400; 2 Moore Extradition & Rendition, 937; Whart. Cr. Pl. & Pr. (8th ed.) 35; Re Baruch, 41 Fed. Rep. 472-474; Re Fitton, 45 Fed. Rep. 471. The recitals in the warrant of the governor are only prima facie and are liable to be rebutted by proof on habeas corpus. Re Todd, 12 S. D. 386; re Cook, 48 Fed. 833; Ex parte Hart, 28 L. R. A. 801; Work Corrington, 34 Ohio St. 64; re Manchester, 5 Cal. 237, 5 Am. & Eng. Enc. Law, 2nd ed. 205; James L. Hyatt v. People of the State of New York, 188 U. S. 591.

Gamble, Tripp & Holman, for respondent.

When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time, in the demanding state, then the court will discharge the defendant. But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused. Munsey v. Clough, 136 U. S. 374; Quock Emg v. U. S., 140 U. S. 417; Ex parte Dennison, 101 N. W. 1048; Ex parte Larney, 4 Ohio. N. P. 304. Motive in leaving is immaterial; neither is it material that his home was in another state. Roberts v. Reilly, 116 U. S., 80, 94; Ex parte Reggel, 114 U. S. 642; People v. Hyatt, 172 N. Y. 176; affd. as Hyatt v Corkran, 188 U. S. 691; Matter of Voorhis, 32 N. J. L. 141; Ex parte Dickson, 69 S. W. 943. It does not matter whether or not the act charged constituted a crime against the laws of the asylum state. The only question is whether it is an offense against the laws of the demanding state.

The governor's certificate that the act is a crime is conclusive upon that question in the absence of any proof to the contrary; Kentucky v. Dennison, 65 U. S. 66; ex parte Reggle, 114 U. S. 642; People v. Brady, 56 N. Y. 182.

HANEY, J.   To the writ of habeas corpus issued in this proceeding by a judge of the circuit court, the defendant, as sheriff, made return, alleging that the relator was restrained of his liberty by authority of a warrant issued by the Governor of this State upon demand of the Governor of the state of New York.   To such return was appended a copy of the executive warrant which contains these recitals: "Whereas, his excellency, Frank W. Higgins, Governor of the state of New York, has demanded of the Governor of this state, John H. Haff, charged with the crime of abandoning a child in destitute circumstances, as a fugitive from justice from the said state of New York, and has complied with the requirements of the act of Congress in such case made and provided."   The relator interposed a general denial to this return, and specifically denied that "he is a fugitive from justice from the state of New York."   On the hearing before the circuit judge the relator read a copy of the affidavit upon which the demand was based, wherein the relator is charged with having committed the crime of child abandonment in the state of New York on May 3, 1906, and having fled from that state on that day for the purpose of avoiding prosecution, also several affidavits of citizens of Sioux Falls stating that he was in that city from a time prior to May 1, 1906, until after his extradition was demanded, and he testified that, though he was in New York about April 1, 1906, he had not been in that state after April 15, 1906.   Defendant read two affidavits of persons in New York to the effect that they transacted business with the relator in that state on May 3, 1906, to one of which was attached a purported copy of a receipt alleged by the affiants to have been then and there personally delivered by the relator.   The latter testified in rebuttal that this receipt was signed by him before leaving New York, was postdated and left with one Charles E. Haff, to be delivered upon the payment of a certain check.   The learned circuit judge, finding that the relator "is a fugitive from justice charged with the crime of child abandonment, a public offense against the laws of

New York state," ordered that his application for discharge be denied, and that he be remanded to the custody of the defendant as sheriff of Edmunds county in this state. Subsequently the relator moved the circuit court to vacate the judge's order and to grant a new trial, which motion was denied, and this appeal taken.

The executive warrant being in due form, on relator rests the burden of overcoming the prima facie case thereby established. This he contends has been accomplished because it appears from the record that he was not personally present in New York when the crime charged is alleged to have been committed. It will be assumed that actual personal presence in the demanding state at the time the offense was committed is essential to constitute a fugitive from justice. The affidavit, which, for the purposes of this appeal, should be given the same effect as an indictment authenticated by the demanding Governor, charges that the crime was committed on May 3, 1906. As to whether relator was in New York on that day the evidence is conflicting, but counsel for the sheriff argue that it is immaterial whether he was or not because on the trial in that state the prosecution would not be required to prove the commission of the crime on the day alleged, and it clearly appears that relator was there for some time prior to April 15, 1906. On principle this argument seems to be sound, but it is not sustained by the Supreme Court of the United States. That court holds that where, in proceedings like this, there is no proof or offer of proof to show that the crime was in truth committed on some day other than that named in the indictment, or that the date therein named was erroneously stated, it is sufficient for the party charged to show that he was not in the state at the time named in the indictment. Hyatt v. New York, 188. U. S. 691. In this proceeding no attempt was made to show when the crime was in truth committed, or that there was any error as to the date stated in the affidavit upon which the demand was founded, so the relator was simply required to establish the fact that he was not personally present in the demanding state on the date charged. On the issue thus defined the evidence is conflicting and of a most unsatisfactory character. Depositions or oral testimony, not ex parte affidavits, should have been produced that the witnesses might have been subjected to cross-examination,

but neither party objected to the evidence on this ground, and the issue, however important it may be, must be determined upon the record as made by the parties, and the only question remaining to be considered is the nature or degree of proof required to overcome the prima facie case established by the executive warrant. Such proof must be clear and satisfactory, if not conclusive. Says the Supreme Court of the United States: "When it is conceded, or when it is so conclusively proved that no question can be made, that the person was not within the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time in the demanding state, then the court will discharge the defendant. Hyatt v. New York, 188 U. S. 691, affirming the judgment of the New York Court of Appeals in 172 N. Y. 176, 60 L. R. A. 774, 64 N. E. 825. But the court will not discharge a defendant arrested under the Governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. 282. In the case at bar there is an irreconcilable conflict between the ex parte affidavits. The learned circuit judge before whom relator's testimony was given found against him. It neither conclusively nor clearly appears that he was absent from New York on May 3, 1906. So we must hold that the evidence is not sufficient to justify his discharge, and the order appealed from is affirmed.

CORSON, J., not sitting.