## STATE v. PRATT.

Rev. Code Cr. Proc. § 630, provides that if a defendant prosecuted for a public offense, whose trial has not been postponed on his application, is not brought to trial at the next term of court in which the indictment or information is triable, the court must order the prosecution to be dismissed unless good cause is shown to the contrary. Section 778 declares that if any person shall be committed for a criminal matter and not admitted to bail, and shall not be tried on or before the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, unless the delay shall happen on the prisoner's application; and if the court at the second term shall be satisfied that due exertions have been made to procure the evidence on behalf of the state, and that there are reasonable grounds to believe that such evidence may be procured at the third term, the case may be continued until the third term, etc. **Held,** that defendant, was not entitled to his discharge because of the granting of a continuance to the state for absence of witnesses at the same term at which the information was filed.

Under Rev. Code Cr. Proc. § 778, providing that a prisoner shall not be discharged on habeas corpus if it appears that he is in custody by virtue of process from any court legally constituted, unless such court has exceeded the limit of its jurisdiction as to a matter of place,

sum, or person, or where, though the original imprizonment was lawful, yet by some act, omission, or event which has subsequently taken place the party has become entitled to his discharge, a writ of habeas corpus cannot be used to review errors or irregularities occurring in the proceedings, or judgment, but only to determine the jurisdiction of the trial court.

(Opinion filed, April 6, 1906.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

Habeas corpus by Henry Pratt to obtain his release from imprisonment on a charge of perjury. From an order denying a writ, petitioner appeals. Affirmed.

*James Brown, J. G. Bartine* and *A. B. Chubbock,* for appellant.

A party charged with crime has a constitutional right to a speedy trial, and the court *has no discretionary power* to deny him a right so important, and to prolong his imprisonment without such trial beyond the time provided by law. People v. Morino, 24 Pac. 892. A defendant is entitled to be discharged where his case had not been tried as required by statute. In re McMicken, 18 Pac. 473; State v. Brodie, 35 Pac. 137; Cummins v. People, 34 Pac. 734; Re Badgerow, 56 L. R. A. 513.

*S. W. Clark, Atty. Gen.,* and *Wm. Williamson, Jr.,* State's Attorney, for the State.

Habeas corpus cannot operate as a writ of error and if the court possesses requisite jurisdiction, no matter what errors or irregularities occur in the proceedings or judgment, provided they are not of such a character as to render them void, its action cannot be reviewed or examined into. p. Ency. Plead. & Prac. 1062; State ex rel, v. Phillips, Sheriff, 73 Minn. 77; Wales v. Whitney, 144 U. S. 564; In re Taylor, 7 S. D. 382.

CORSON, J. This is an appeal from an order of the circuit court of Lyman county denying the defendant, Henry Pratt, a writ of habeas corpus. The defendant and petitioner in his petition for a writ stated in substance that on July 5, 1905, a complaint was filed in a justice's court in Lyman county charging him jointly with two other persons with the commission of the crime of perjury; that he was arrested and on the 10th day of January, brought before the justice, and waiving an examination, he was held to an-

swer the charge in the circuit court, and his bail fixed at $1,000; that on the 13th day of January, an information was filed charging him and the other two persons named as defendants with the commission of the said crime of perjury; that on the 15th day of January, the said information was dismissed by the state's attorney by leave of court, and on the same day he filed a separate information against this petitioner charging him with the commission of said offense; that he appeared in said court and moved to vacate and set aside said information on the ground that he has not been held to answer to the charge therein contained, which motion was denied; that thereupon he demurred to said information which demurrer was by the court overruled. He then pleaded to said information and demanded an immediate trial; that the state's attorney thereupon moved the court for a continuance of the cause until the next term of court on the ground of the absence of material witnesses, which motion was granted, and said petitioner then demanded that the prosecution be dismissed, and he be discharged from custody which was denied by the circuit court and a petition herein was filed in said court for a writ of habeas corpus.

It is contended by the petitioner (1) that the second information filed by the state's attorney charging him individually with the crime of perjury was unauthorized for the reason that he had never had a preliminary hearing or appeared for a preliminary hearing upon that charge; (2) that the affidavits filed on the part of the state on the motion for a continuance did not show sufficient cause therefore, and (3) that he was entitled to his discharge under the provisions of section 630, Rev. Code Cr. Proc., which reads as follows: "If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

It is contended by the Attorney General in support of the trial court's decision that the first two grounds stated present questions as to errors of law occurring in the proceedings, reviewable only upon a motion for a new trial and upon writ of error, and do not constitute grounds for the issuance of a writ of habeas corpus, and.

(2) that the time at which the petitioner can claim his discharge under the statute has not yet arrived, as the continuance was granted at the term of the court in which the information was filed, and that it is only when the continuance is granted at a subsequent term as provided in section 778, Rev. Code Cr. Proc., that he would be entitled to his discharge. That section reads as follows: "If any person shall be committed for a criminal or supposed criminal matter, and not admitted to bail, and shall not be tried on or before the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner; if such court at the second term shall be satisfied that due exertions have been made to procure the evidence for and on behalf of the state, and that there are reasonable grounds to believe that such evidence may be procured at the third term, they shall have power to continue such case till the third term; if any such prisoner shall have been admitted to bail for a crime other than a capital offense, the court may continue the trial of said cause to a third term, if it shall appear by oath or affirmation that the witnesses for the state are absent, such witnesses being mentioned by name, and the court shown wherein their testimony is material." It is claimed by the petitioner that there is a conflict between the provisions of these two sections, but we think upon a careful examination these provisions can be harmonized, but it is not necessary to determine this question on this appeal as he was not entitled to his discharge under either section. The information as we have seen was filed at the January term of the circuit court, and the time at which he might claim his discharge has not yet arisen. The law seems to be well settled that the writ of habeas corpus cannot be substituted for a writ of error, and that mere errors occurring in the proceedings that do not go to the jurisdiction of the court cannot be reviewed under this writ. The law applicable to this subject is thus stated in Ency. of Plead. & Prac.: "Habeas Corpus cannot operate as a writ of error, and if the court possesses requisite jurisdiction, no matter what errors or irregularities occur in the proceedings or judgment, provided they are not of such character as to render them void, its action cannot be reviewed or examined into." 9 Ency. Plead. & Prac., p. 1062.

The rule thus stated seems to be supported by the great weight of authority. State ex rel. v. Phillips, Sheriff, 73 Minn. 77, 75 N. W. 1029; In re Langston 55 Neb. 310, 75 N. W. 828; Wales v. Whitney, 114 U. S. 564, 5 Sup. Ct. 1050; Oteiza v. Jacobus, 136 U. S. 330, 10 Sup. Ct. 1031; Arkansas Industrial Co. v. Neel, 48 Ark. 283, 3 S. W. 631; In re Savin, 131 U. S. 267, 9 Sup. Ct. 699; Davis v. Beason, 133 U. S. 333, 10 Sup. Ct. 299; Barton v. Saunders, 16 Or. 51, 16 Pac. 921; Ex parte Hartman, 44 Cal. 32; Sennott's Case, 146 Mass. 489, 16 N. E. 448; In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136.

The habeas corpus act of this state seems to have been based upon this theory of the law, as section 773, Revised Code Criminal Proc., provides as follows: "If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes: (1) When the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum, or person. (2) Where, though the original imprisonment was unlawful (lawful), yet by some act, omission, or event, which has subsequently taken place, the party has become entitled to his discharge. * * * It will be observed by these subdivisions of the section that the question to be investigated under them is as to the jurisdiction of the court. Clearly in the case at bar there was no want of jurisdiction of the court as the information and the appearance of the defendant and pleading thereto gave the court jurisdiction of the subject-matter and of the person of the petitioner. Whether or not the information was properly based upon the preliminary examination was a question within the jurisdiction of the circuit court to determine and whether or not its determination was right or erroneous cannot be reviewed in habeas corpus proceedings, and we are of the opinion that as the application for a continuance was made at the term in which the information was filed the question as to whether or not the court committed error in granting the continuance is not the subject of review in habeas corpus proceedings. The court was clearly right, therefore, in denying the petitioner's application, and in refusing to issue the writ as it clearly appeared from the statements made in the petition that there was

no question presented that could properly be reviewed in. habeas corpus proceedings.

It was contended on the argument on the part of the petitioner that under the ruling of the circuit court he was denied the right of a "speedy, public trial" as provided by the state Constitution. But this provision of the Constitution must be given such a construction that the officers representing the state in prosecuting criminal offenses shall be allowed reasonable time in which to secure the attendance of witnesses. We think the lawmaking power has carefully guarded the rights of a defendant·in this respect by requiring due diligence on the part of·such officers in bringing parties to trial, and providing that after a reasonable delay the defendant shall be discharged from custody.

The order of·the circuit court, denying the writ, is affirmed.

HANEY, J., concurs only in the conclusion that the order appealed from should be affirmed.