STATE ex rel. DOLL, Appellant, v. Godsey, Sheriff, Respondent.

(166 N. W. 236.)

(File No. 4319. Opinion filed February 5, 1918.)

**Habeas Corpus—Absence of Defendant—Plea by Attorney, Conviction on, Judgment, Whether Void—Statute.**

A judgment of conviction for a misdemeanor, in circuit court, upon appeal from circuit court entitling defendant to a new trial, which judgment was entered in absence of defendant, upon plea of guilty entered by her attorney, while at most erroneous, is not a nullity, warranting release on habeas corpus; the circuit court having jurisdiction of the subject-matter and the person; construing Code Crim. Proc., Sec. 284, in effect prohibiting pleading of guilty except by defendant himself, save in case of corporations, etc., and Sec. 773, which provides when a party is entitled to a discharge upon habeas corpus, and that such proceedings cannot be used as a substitute for an appeal; such case being distinguished from that

of one where a judgment of conviction in a case where a jury cannot be waived, would be void, and where, the jury constituting a necessary part of the court, there would be no court to render judgment.

Appeal from Circuit Court, Custer County. Hon. Levi Mc-Gee, Judge.

Proceedings in Habeas Corpus, by the State on the relation of Bertha Doll, against S. J. Godsey, Sheriff of Custer County, for release under a judgment of conviction of a misdemeanor by the Circuit Court, entered upon appeal by defendant from Justice Court. Release denied, and relator appeals. Affirmed.

*F. W. Sellers,* and *Geo. A. Jeffers,* for Appellant.

*Clarence C. Caldwell, Attorney General,* and *Percy H. Helm,* for Respondent.

Appellant cited: Code Civ. Proc., Secs. 244, 282, 284; In re People v. McCrory, 41 Cal. 458 on 461.

Respondent cited: In re Tabor, 13 S. D. 62, 82 N. W. 398; Freeman on Judgments, Sec. 620; 21 Cyc. 285; State v. Pratt, 20 S. D. 440, 107 N. W. 538, 11 Ann Cas. 1049; Williams v. Hert (Ind.) 60 N. E. 1067; Winslow v. Green, 155 Ind. 368, 58 N. E. 259.

WHITING, P. J. Bertha Doll, under arrest upon conviction of a misdemeanor, sought release through writ of habeas corpus sued out in circuit court. Being denied such release she has brought the matter before this court upon appeal.

It appears that appellant was convicted in justice court and took an appeal to the circuit court, giving bonds for appearance in such court. Such appeal entitled her to a new trial in circuit court. When the time for the trial arrived, appellant was absent from court. Her attorney appeared for her for the purpose of arraignment and plea, and entered a plea of guilty. Upon such plea judgment was entered during appellant's absence.

Appellant contends that, under section 284, C. Crim. Proc., a plea of guilty to any offense, whatsoever its grade, can only be entered by the party charged and not by his or her attorney; and that a judgment of conviction entered upon a purported plea of guilty entered by an attorney in the absence of the defendant is void. Respondent contends that the error, if any, in the proceedings before the circuit court was an irregularity which

does not render the judgment of that court absolutely void, and that such judgment can only be questioned by an appeal.

Respondent is right in his contention. This court, in Re Taber, 13 S. D. 62, 82 N. W. 398, and in State v. Pratt, 20 S. D. 440, 107 N. W. 538, 11 Ann. Cas. 1049. has declared the effect of the provisions of section 773, C. Crim. Proc., the section which provides when a party is entitled to discharge upon habeas corpus proceedings, and has held that such proceedings cannot be used as a substitute for an appeal, and thus be used to review the proceedings had before a court which, acting within the limits of its jurisdiction, has rendered a judgment.           ,     ,

It has been intimated by some courts that, where the statute did not allow one charged with a felony to waive a jury trial, and a trial was had without a jury, the defendant, if convicted, was entitled to release upon writ of habeas corpus. In re Fife, 110 Cal. 8, 42 Pac. 299. The reason advanced is that, where a jury cannot be waived, the jury constitutes a necessary part of the court without which there is no court. But in Indiana it has been held that the failure to call a jury where the law requires a jury to be called does not render the judgment void, thus going further than those courts that intimate that in such case there is in fact no court. Lowery v. Howard, 103 Ind. 440, 3 N. E. 124. It is universally held that, where a jury could have been waived by the defendant, the mere fact that his demand for a jury was refused did not render the judgment absolutely void and subject to attack—because in such a case there is a court. Ex parte Brandon, 49 Ark. 143, 4 S. W. 452; Williams v. Hert, 157 Ind. 211, 60 N. E. 1067, 87 Am. St. Rep. 203.

It is clear that, in the case before us, appellant is being held by virtue of a judgment rendered by a court, which court had jurisdiction of the subject-matter   and of the person of appellant.   The court may have erred, but there can be no question in this case but that there was a court.   To allow a court, upon writ of habeas corpus, to review and overthrow the judgment of another court for irregularities in the proceedings of such court, · might create an anomalous situation.   An inferior court might in effect set aside the judgment of a superior court, a state court that of a federal court. and vice versa.   Appellate jurisdiction cannot be thus conferred.

As said by Justice Marshall in Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650, when passing upon a petition for a writ of habeas corpus:

"An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity: and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous."

It follows that appellant is being held under a valid commitment, which commitment will remain valid until the judgment of the court is fully carried out, or until such judgment is vacated in some proper proceeding brought to test its validity.

The order appealed from is affirmed.