STATE, Respondent, v. SCHAEFFER, Appellant.

(207 N. W. 163.)

(File No. 5881. Opinon filed February 8, 1926.)

Criminal Law—Information—Intoxicating Liquors—Courts—Sentence —Trial Court Has Authority to Vacate Judgment and Resentence Defendant on Motion for New Trial.

Trial court, on motion for new trial, had authority to vacate judgment and resentence defendant after determining that former charge of transporting intoxicating liquor would not make manufacturing, as he was then charged, a second offense.

Appeal from Circuit Court, Yankton County; Hon. R. B. Tripp. Judge.

Emanuel Schaeffer was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

J. L. Meighen, of Yankton, for Appellant.

Buell F. Jones, Attorney General, and Bernard A. Brown, Brief Attorney, of Pierre, for the State.

Respondent cited: State v. Hicks, 37 Co. 776; State v. Williams, 38 Co. 686.

GATES, P. J. Defendant was charged with the manufacture of intoxicating liquor. The information also charged that he had pleaded guilty to a like charge at a previous term of the same court. He was found guilty and sentenced as and for a felony.

Upon a motion for new trial the trial court vacated the judgment and directed that the defendant be brought before the court for resentence. Defendant appeals.

. The reasons actuating the trial court in making said order are thus stated in a memorandum opinion:

"During the trial and in sentencing I was of the impression, under the broad language of the 1919 Session Law, p. 293, making 'every subsequent offense' under the prohibition law felony, the first offense, that of transporting, would make manufacturing, for which he was here charged, a second offense, but, on reconsideration and investigating at the office of the secretary of state, I find the session law referred to was repealed by a vote of the people, so, for a second offense, the first would have had to be the same as this, manufacturing. I am therefore convinced there was error in sentencing for a felony."

The only assignment of error is:

"The court erred and exceeded its authority in making its order denying a new trial to the defendant and ordering the defendant brought before the court for resentence."

And the record before us is only sufficient to present that question, even if there had been further assignments of error. In State v. Schaller, 49 S. D.—, 207 N. W. 161, we held that the court had power to resentence the defendant under similar circumstances. That decision is controlling here, and pursuant thereto the order appealed from is affirmed.

Note.—Reported in 207 N. W. 163. See, Headnote American Key-Numbered Digest, Key-No. 996(2), 16 C. J. Sec. 3096.