STATE, Respondent, v. SCHALLER, Appellant.

(207 N. W. 161.)

(File No. 5920. Opinion filed February 8, 1926.)

1. Indictment and Information—Intoxicating Liquors—Information Should Allege Prior Conviction Where Statute Imposes Additional Penalty for Subsequent Conviction.

Where statute imposes an additional penalty for subsequent conviction, information upon the subsequent offense should allege the prior conviction, particularly where first offense is misdemeanor and subsequent one a felony.

2. Indictment and Information—Intoxicating Liquors—Criminal Law —Use of Word "Feloniously" in Information Would Not Change Crime Set Forth Therein From Misdemeanor to Felony.

In view of Rev. Code 1919, Sec. 4725, subd. 6, use of the word "feloniously" in information for keeping and storing intoxicating liquor would not change the crime from misdemeanor, under Secs. 10246, 10299, to a felony, as provided for second offense under Sec. 10311.

3. **Crimnal Law—Verdict—Appeal and Error—Judgment Sentencing Accused for Felony Vacated and Remanded for Resentence, Where Verdict in Answer to Information and Instruction Charging Misdemeanor.**

Under Rev. Code 1919, Sec. 5045, and Const. art. 5, Sec. 2, Supreme Court has power and duty to require that a judgment wherein defendant was sentenced for a felony should be vacated and cause remanded for resentence, where information and instruction presented offense to jury as constituting a misdemeanor.

Appeal from Circuit Court, Beadle County; Hon. M. Moriarty, Judge.

Harry A. Schaller was convicted of keeping and storing intoxicating liquor, and he appeals. Judgment vacated, and case remanded for resentence.

*O. S. Hagen,* of Huron, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for the State.

(1) To point one of the opinion, Appellant cited: State v. Dawson, 78 N. E. 352; Kilburn v. State, 9 Conn. 560; State v. Davidson, 124 N. C. 839, 32 S. E. 957.

Respondent cited: State v. Kelley (S. C.), 71 S. E. 988; Neece v. State (Tex.), 137 N. W. 929.

GATES, P. J. The information in this case charged—

"That heretofore, to wit, on the 10th day of March in the year 1924 in the county of Beadle in the state of South Dakota, one Harry Schaller, late of said county of Beadle and state of South Dakota aforesaid, did commit the crime of keeping and storing intoxicating liquor, committed as follows:

"That at said time and place the said Harry Schaller did willfully, unlawfully, and feloniously keep and store intoxicating liquor, that being a liquid, liquid mixture, or compound containing alcohol, and capable of being used as a beverage, with intent then and there to evade the law," etc.

Upon trial the jury found the defendant "guilty as charged in the information," and the court sentenced defendant as and for a felony. Defendant appeals from the judgment and from an order denying new trial.

The keeping of intoxicating liquor with intent to evade the law is a misdemeanor. Rev. Code 1919 §§ 10299, 10246. For a second offense the crime is a felony. Rev. Code 1919, § 10311.

[1] It is a well-established rule that, where the statute imposes an additional penalty for subsequent convictions, the information upon the subsequent offense should allege the prior conviction. Especially is this true where the first offense is a misdemeanor and the subsequent offense a felony. 12 C. J. 1342; 31 C. J. 734.

[2] Does the above information allege a felony? It is admitted by the state that it does not unless the word "feloniously" makes it so, a word that is concededly improper where the offense is a misdemeanor. The state therefore urges that, because an information which charges that a misdemeanor was "feloniously" done is demurrable, we should hold that the present information charges a felony. This we cannot do. One of the requirements of an information is (Rev. Code 1919, § 4725):

"6. That the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended."

It is perfectly apparent to us that a person of common understanding would not know that the use of the word "feloniously" would change the crime set forth in the above information from a misdemeanor to a felony. That is too much to expect of a person of common understanding. We are therefore of the opinion that the judgment was erroneous, and that defendant should only have been sentenced as and for a misdemeanor.

Under the following instruction given by the trial court, the trial, so far as the jury was concerned, was for a misdemeanor, viz.:

"You are not determining whether Harry Schaller is guilty of a felony or not; you are to determine whether or not he is guilty of the offense charged in the information:

[3] This brings the case squarely within the rule as to the power of this court to vacate the judgment and remand the case, with directions to the trial court to cause defendant to be brought before it for proper sentence announced in Territory v. Conrad, 1 Dak. 363, 46 N. W. 605.

Section 5045, Rev. Code 1919, provides that the Supreme Court may "reverse, affirm or modify the judgment * * * appealed from" in criminal cases; and section 2 of article 5 of the Constitution gives the Supreme Court "general superintending control over all inferior courts." Such a constitutional provision was relied upon in People v. Farrell, 146 Mich. 264, 109 N. W. 440, where the sentence imposed for murder was set aside and "the case remanded to the trial court, with directions to sentence defendant for the crime of manslaughter." People v. Farrell was approved in Ex parte Vitali, 153 Mich. 514, 116 N. W. 1066, 126 Am. St. Rep. 535. In McCormick v. State, 71 Neb. 505, 99 N. W. 237, it is pointed out that contrary decisions are based on early English cases which have since been overruled by the English courts. It is declared that the power of the trial court to pronounce judgment is only exhausted "by pronouncing a valid judgment," and that the Supreme Court has the "inherent power" to order the pronouncement of a valid judgment in the case by the trial court. Other Nebraska and Ohio and Wisconsin decisions cited.

In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. ed. 149, opinion by Justice Field, holds that, where the conviction is correct, the error being "in enlarging the punishment or in enforcing it in a different mode or place than that provided by law," the trial court has jurisdiction to enter the judgment required by law, and says:

"Some of the state courts have expressed themselves strongly in favor of the adoption of this course, where the defects complained of consist only in the judgment—in its extent or mode, or place of punishment—the conviction being in all respects regular. In Beale v. Commonwealth, 25 Pa. 11, 22, the Supreme Court of Pennsylvania said: 'The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established.' "

See authorities cited in State v. Tyree, 70 Kan. 203, 78 P. 525, 3 Ann. Cas. 1020; Id., 77 P. 290.

This case holds that a case may be remanded to the trial court for entry of proper judgment when the original judgment was void, voidable, or erroneous.

To the same effect as Territory v. Conrad. 1 Dak. 363, 46 N. W. 605, are Bedeel v. State, 50 Miss. 492; Thomas v. State, 73 Miss. 46, 19 So. 195; Washington v. State, 76 Miss. 270, 24 So. 309; State v. Johnson, 94 N. C. 863; People v. Johnson, 71 Cal. 384, 12 P. 261; People v. Eppinger, 114 Cal. 350, 46 P. 97; State v. Child, 42 Kan. 611, 22 P. 721; Hussy v. People, 47 Barb. (N. Y.) 504; Watson v. State, 2 Wash. 504, 27 P. 226, remanding case where sentence was for a different crime from that charged or from that of which he was found guilty.

We therefore believe that our power and duty require that the judgment should be vacated and that the case be remanded to the trial court, with directions to cause the defendant to be brought before it to receive sentence as and for a first offense of the crime charged.

Inasmuch as Judge Moriarty is no longer circuit judge of the Ninth circuit, the defendant may be brought before either of the present circuit judges of that circuit for sentence.

It will be so ordered.

Note.—Reported in 207 N. W. 161. See, Headnote (1), American Key-Numbered Digest, Indictment and information, Key-No. 114, 31 C. J. Sec. 282; (2) Indictment and information, Key-No. 59, 31 C. J. Sec. 282; (3) Criminal law, Key-No. 1188, 17 C. J. Sec. 3758.