STATE ex rel ANDERSON, Appellant, v. JAMESON,
Warden, Respondent.

(215 N. W. 697.)

(File No. 6313. Opinion filed October 22, 1927.)

1. **Habeas Corpus—Application for Writ of Habeas Corpus by Prisoner's Daughter Held Not Authorized; "On His Behalf" (Rev. Code 1919, §§ 4978, 4980; Const. art. 6, § 9).**

Application for writ of habeas corpus by prisoner's daughter, who signed and verified complaint, not stating that application was made on prisoner's behalf, as required by Rev. Code 1919, § 4978, offered no excuse for omission of supporting affidavit by prisoner, and contended that latter did not waive his right, under Const. art. 6, § 9, not to be put twice in jeopardy, because he was not moving party, held not authorized; "on his behalf" meaning "on account of; on the part of; in the name of; for," as indicated by Rev. Code 1919, § 4980.

2. **Habeas Corpus—Habeas Corpus Cannot Be Substituted for Writ of Error.**

A writ of habeas corpus cannot be substituted for a writ or error.

3. **Habeas Corpus—Object of "Writ of Habeas Corpus" Is Speedy Release by Judicial Decree of Persons Illegally Restrained of Liberty.**

The "writ of habeas corpus" has for its object the speedy release by judicial decree of persons illegally restrained of their liberty.

4. **Habeas Corpus—Habeas Corpus Is Not Mere Corrective Remedy, and Cannot Be Employed as Writ of Quo Warranto or Certiorari, nor to Perform Functions of Appeal.**

Writ of habeas corpus is not a mere corrective remedy, and is not to be employed as a writ of quo warranto or certiorari, nor permitted to perform the functions of an appeal.

5. **Habeas Corpus—Writ of Habeas Corpus Deals Only with Radical Defects Rendering Proceeding or Judgment Absolutely Void.**

Proceedings on habeas corpus to obtain release from custody under final judgment being in the nature of a collateral attack, writ deals only with such radical defects as render the proceeding or judgment absolutely void.

6. **Habeas Corpus—One Given Indeterminate Sentence for Second Degree Rape, Cannot Be Released on Habeas Corpus on Ground that Judgment Was Void Because Statute Fixes No Minimum Sentence; Appeal Being Remedy (Rev. Code 1919, § 4098).**

One sentenced to state penitentiary for not less than 10, nor more than 20, years on conviction of second degree rape, for

which court had jurisdiction to impose sentence not exceding 20 years, under Rev. Code 1919, § 4098, cannot be released on writ of habeas corpus, on ground that judgment was void because statute fixes no minimum sentence; prisoner having remedy by appeal.

7.  Criminal Law—Trial Judge Could Sentence Defendant for Any Definite Term, Not Exceeding Statutory Maximum, for Second Degree Rape, but Could Not Limit Power of Penitentiary Warden and Board of Charities in Fixing Term (Rev. Code 1919, §§ 4098, 4966).

Under Rev. Code 1919, § 4966, trial judge had authority to sentence one convicted of second degree rape to penitentiary for any definite term, not exceeding maximum of 20 years fixed by section 4098, but could not limit power or responsibility of warden of state penitentiary and board of charities and corrections to determine period of imprisonment within limits of law.

8.  Habeas Corpus—Supreme Court Presumes on Appeal from Order Denying Writ of Habeas Corpus that Penitentiary Warden and Board of Charities Fixed Period of Imprisonment on Facts and Conclusions Established by Scientific Study of Convict's Habits, etc. (Rev Code 1919, § 4966).

Supreme Court must presume, on appeal from order denying writ of habeas corpus, that penitentiary warden and board of charities and corrections fixed period of imprisonment for second degree rape at ten years on facts and conclusions established by scientific study and observation of convict's habits, disposition, character, conduct, and general tendencies, as required by Rev. Code 1919, § 4966.

9.  Habeas Corpus—One Convicted of Second Degree Rape Held Not Prejudiced by Trial Judge's Unauthorized Minimum Sentence of Ten Years' Imprisonment (Rev. Code 1919, §§ 4098, 4966).

One convicted of second degree rape, punishment for which is imprisonment in state penitentiary for not exceeding 20 years, under Rev. Code 1919, § 4098, held not prejudiced by unauthorized minimum of 10 years in sentence pronounced by trial judge, where penitentiary warden and board of charities and corrections fixed period of imprisonment at 10 years under section 4966.

10.  Habeas Corpus—Objection that Indeterminate Sentence Law Was Inapplicable to Prisoner Cannot Be Raised by His Daughter on Her Application for Writ of Habeas Corpus.

Objection that prisoner sentenced for not less than 10, nor more than 20, years' imprisonment on conviction of second degree rape, was not one to whom provisions of Indeterminate Sentence Law are applicable, can be raised only by state or

prisoner himself, not by his daughter on application for writ of habeas corpus to secure his release.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Habeas corpus, Key-No. 54, 29 C. J. Sec. 151; On, 29 Cyc. 1486; (2) Key-No. 4, 29 C. J. Sec. 19; (3) Key-No. 25(1), 29 C. J. Sec. 5; (4) Key-Nos. 1, 3, 4, 29 C. J. Secs. 1, 19; (5) Key-No. 30(1), 29 C. J. Sec. 19; (6) Key-No. 4, 29 C. J. Sec. 49 (Anno.); (7) Criminal law, Key-No. 991(3), 16 C. J. Secs. 3007 (Anno.), 3083, 3223; Rape, Key-No. 64, 33 Cyc. 1518; (8) Habeas corpus, Key-No. 113(12), 29 C. J. Sec. 229; (9) Key-No. 113(12), 29 C. J. Sec. 230; (10) Key-No. 92(1), 29 C. J. Sec. 194.

As to effect of habeas corpus on appeal or on writ of error, see annotation in 45 L. R. A. 150; 51 L. R. A. (N. S.) 381; 12 R. C. L. 1192, 1207; 4 R. C. L. Supp. 789.

On right to speedy release of applicant as object of writ of habeas corpus, see 12 R. C. L. 1179; 2 R. C. L. Supp. 1569; 6 R. C. L. Supp. 741.

For procedure and forms in habeas corpus, see Bancroft's Code Practice and Remedies, Vol. 4, pg. 4275, et seq.

---

Appeal from Circuit Court, Minnehaha County; Hon. L. L. FLEEGER, Judge.

Application by the State of South Dakota, on the relation of Ruth Anderson, for a writ of habeas corpus to George T. Jameson, as warden of the state penitentiary, to secure the release of one Shenkle from defendant's custody. From an order denying the application and remanding the prisoner to custody, relator appeals. Affirmed.

*N. B. Bartlett* and *E. C. Sigler,* both of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for Respondent.

MISER, C. [1] In appellant's application for a writ of habeas corpus, she states that she is the daughter of one Shenkle, and that she makes her petition for the purpose of securing his release from the warden of the state penitentiary. No reason is given therein why she, and not Shenkle, signed and verified the complaint; nor was any statement made therein that the application was made on his behalf. An examination of the 29 cases of habeas corpus thus far considered by this court or its territorial predecessor discloses no precedent for such procedure. True, sec-

tion 4978, Rev. Code 1919, provides that such application "shall be in writing and signed by the prisoner or some person on his behalf." But here the prisoner does not sign, nor does appellant on his behalf, nor does the prisoner supply an affidavit in support of the application, nor does appellant offer any excuse for its omission. 29 C. J. 138. Indeed, appellant meets one of respondent's contentions with the assertion that Shenkle is not an actor in this application for a writ of habeas corpus. Respondent had contended that, even though the judgment by which Shenkle is imprisoned be invalid, he is not entitled to his liberty, but, his guilt having been established by a regular verdict, his case should be remanded to the trial court for the entry of a proper judgment. State v. Schaller, 49 S. D. 398, 207 N. W. 161; Ex parte Dunn, 50 S. D. 48, 208 N. W. 224. To this contention appellant replied that Shenkle had not waived his rights under section 9 of article 6 of the Constitution to not be twice put in jeopardy, because he was not the moving party in these habeas corpus proceedings. If appellant be right in this contention—which we do not decide—has she not thereby discovered a reason for the statutory provision that the application be signed by the prisoner "or some person on his behalf"? The phrase "on his behalf" or "in behalf of" means "on account of; on the part of; in the name of; for." Webster's New International Dictionary. See, also, In re Harry K. Thaw, 15 Que. Pr. 47, 48; 13 Dom. L. R. 712; 22 Can. Cr. Cas. 3. That the phrase has this meaning in section 4978 finds support in the language of section 4980. The circuit court of Minnehaha county, to whom the application was addressed, would have been justified in quashing the writ for the reason that there was nothing to show that Shenkle either authorized or desired it. U. S. ex rel Bryant v. Houston (C. C. A.), 273 F. 915.

Shenkle was convicted of rape in the second degree, the punishment for which, under section 4098, R. C., is "imprisonment in the state penitentiary not exceeding twenty years." He was given an indeterminate sentence of not less than 10 nor more than 20 years. The warden and board of charities and corrections later fixed the term at 10 years. It is conceivable that the trial judge, who, on the day of sentence, was of the belief that the protection of society demanded an imprisonment of not less than 10 years and possibly 15 or 20 years, might now, if the responsibility of

fixing the exact punishment were placed upon him, be of the opinion that the sentence should be more than 10 years. With such a possibility, the court to whom the application was addressed might well question the authority of another to apply for the writ, and, upon the hearing, when no affidavit has been filed by the person whose liberty lies on the scales, might well refuse to make the writ absolute. It was not without reason that our statute provides that the application shall be signed by the prisoner or some one on his behalf.

[2] But, even though Shenkle had himself signed the application, has the proper remedy been used to right the error complained of? Appellant contends herein that section 4966, being our Indeterminate Sentence Law, gave to the trial judge no right to fix the limits "of not less than ten nor more than twenty years" in the sentence. This court has many times stated that the writ of habeas corpus cannot be substituted for the writ of error. State v. Pratt, 20 S. D. 440, 107 N. W. 538, 11 Ann. Cas. 1049; In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, 58 Am. St. Rep. 843; Richards v. Matteson, 8 S. D. 77, 65 N. W. 428; Ex parte Nesson, 25 S. D. 330, 126 N. W. 594; State ex rel. Haff v. Schlachter, 21 S. D. 276, 111 N. W. 566; Ex parte Dunn, 50 S. D. 48, 208 N. W. 224. See, also, Knewel, Sheriff, v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. ed. 1036; and In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. ed. 149. In the note to State v. Pratt, supra, 11 Ann. Cas. 1055, it is said:

"It is the rule that where a court has jurisdiction of the person and of the offense, and errs merely in regard to the punishment imposed, relief will not be granted by habeas corpus. The remedy in such case is by writ of error."

Furthermore, our statute leaves little ground for speculation. In section 4980 it is said:

"If it appears that the applicant is in custody by virtue of process from any court legally constituted, he can be discharged only for one or more of the following causes: 1. When the court has exceeded the limit of its jurisdiction either as to the matter, place, sum or person.

Then six other reasons are specified, none of which are urged by appellant herein. Then comes a paragraph which begins thus:

"No court or judge, on the return of a writ of habeas corpus,

shall in any other manner inquire into the legality or justice of a judgment or decree of a court legally constituted."

[3-5] The writ of habeas corpus, which has for centuries been esteemed the best and only sufficient defense of personal freedom, has for its object the speedy release by judicial decree of persons illegally restrained of their liberty. 12 R. C. L. 1179; Ferris, Extraordinary Legal Remedies, § 4, p. 23. It is not a mere corrective remedy and is not to be employed as a writ of quo warranto, nor as a writ of certiorari, nor permitted to perform the functions of an appeal. "Proceedings on habeas corpus to obtain release from custody under final judgment being in the nature of a collateral attack, the writ deals only with such radical defects as render the proceeding or judgment absolutely void." 12 R. C. L. 1192.

[6] In the case at bar, the circuit court of Beadle county had unquestioned jurisdiction of the person and the offense. For this offense it had jurisdiction to imprison in the state penitentiary for not exceeding 20 years. Upon a conviction, the validity of which is not questioned, it sentenced the prisoner to the state penitentiary for not less than 10 nor more than 20 years. Because the court fixed a minimum of 10 years when the statute fixes no minimum, appellant contends that the judgment is void and the prisoner is entitled to his liberty. Appellant is not without authority to support this contention; but—

"The majority of the decisions, and especially those more in consonance with reason and justice, are averse to the discharge of criminals who have been duly convicted when the application for their release is by petition for habeas corpus based on some error, omission or mistake in the judgment or sentence which might have been cured or corrected by writ of error or appeal." 12 R. C. L. 1207.

This court, in State v. Schaller, supra, quotes with approval from In re Bonner, supra, as follows:

"The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether; because the court committed an error in passing the sentence."

In State v. Schaller, supra, the case was remanded to the trial
35—Vol. 51, S. D.

court with directions to impose a proper sentence. This had been done in Territory v. Conrad, 1 Dak. 363 (348), 46 N. W. 605. If the judgment by virtue of which Shenkle was imprisoned was erroneous, he might have appealed therefrom within the time provided by law. The law still affords him his remedy if the judgment be erroneous and he seeks to have it corrected. But his remedy is not by habeas corpus.

[7] But, assuming that the question had been properly presented, and assuming that an indeterminate sentence could properly have been pronounced, had the trial court the authority to fix a minimum limit of 10 years on the term of imprisonment? Section 4966 contains this language:

"The term of sentence more than the minimum and less than the maximum fixed by law shall be determined by the warden and board of charities and corrections upon facts and conclusions established by a scientific study and observation of the habits, disposition, character, conduct and general tendencies of the convict."

If, in addition to the foregoing, it contained language similar to that of section 10943, Rev. Statutes of North Dakota (as amended by Laws 1923, c. 262), it would, indeed, be difficult to determine whether the trial judge or the prison board had the higher authority in determining within what limits the term should be fixed. The North Dakota statute is, in part, as follows:

"In all cases where an indeterminate sentence is imposed, the court imposing the sentence shall adjudge that the person so sentenced be imprisoned for not less than a stated minimum nor more than a stated maximum period of time; provided, that in all cases the minimum period shall not be less than the minimum term nor shall the maximum be more than the maximum term provided by law for the offense comitted."

We quote from the North Dakota statute for two reasons: (1) The Attorney General, in his brief, states that his efforts to find an Indeterminate Sentence Law like our section 4966 have been futile. No better fortune has rewarded our efforts; but it appears that our statute enacted in 1911 is more like the North Dakota statute, originally enacted in 1907, than that of any other state. (2) The trial judge in the case at bar, and, we believe, other trial judges in the past, followed a practice which would be sanctioned by the North Dakota law.

However, section 4966 contains the following language preceding the language hereinbefore quoted therefrom:

"The court, in its discretion, may sentence such person to the penitentiary for a term that shall be without limit as to time; such term, however, shall not be less than the minimum nor longer than the maximum term provided by law for the crime of which the prisoner was convicted."

There is a vast difference between a sentence of imprisonment "for not less than a stated minimum nor more than a stated maximum period of time," and a sentence of imprisonment "for a term that shall be without limit as to time." Certainly our section 4966 provides that the warden and board of charities and corrections, rather than the trial judge, shall determine the term which the convict shall serve. The warden and board of charities and corrections determine this period within the limits fixed "by law for the crime of which the prisoner was convicted." Our statute, unlike the Indeterminate Sentence Laws of the majority of states, does not compel the trial judge to avail himself of its provisions and thereby make of himself a mere ministerial officer whose discretion is largely limited in some states to naming in which of several prisons the confinement shall be. People v. Ure, 68 Cal. App. 545, 229 P. 987; Lee v. State, 103 Neb. 87, 170 N. W. 359. The words "may" and "in his discretion," which appear in our statute as well as in North Dakota and in the recent Nebraska law, are not generally found in the Indeterminate Sentence Laws of other states. The trial judge had the authority, in the case at bar, to sentence to the penitentiary for any definite term, so long as he did not exceed the maximum term of 20 years. If he chose, however, to make use of section 4966, he had no authority to limit the power or the responsibility of the warden and board of charities and corrections, who are charged by law with the duty of determining, within the limits of the law, the period of imprisonment.

[8, 9] However, in the case at bar, the warden and board of charities and corrections fixed the period of imprisonment at 10 years. We must presume that they determined this period "upon facts and conclusions established by a scientific study and observation of the habits, disposition, character, conduct and general tendencies of the convict." The prisoner has not, therefore, shown

us that he has been prejudiced by the unauthorized minimum of 10 years contained within the sentence pronounced by the trial judge. It does not appear that, had the sentence been, as appellant contends—and we believe rightly—it should have been, that the prisoner be confined in the state penitentiary for not exceeding 20 years, as is prescribed by section 4098, Rev. Code 1919, the prisoner would have found himself in any better position than at present.

[10] Appellant also questions the authority of the trial court to make use of the Indeterminate Sentence Law in sentencing this prisoner; the claim being that he is not one to whom its provisions are applicable. This objection could only be raised by the state or by the person so sentenced, neither of whom have raised it. Justice does not demand its consideration in this opinion.

We therefore hold that the circuit court to whom the application for writ of habeas corpus was addressed committed no error in remanding the prisoner to his former imprisonment.

The order appealed from is affirmed.

CAMPBELL, P. J., and GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.