STATE ex rel ANDERSON, Appellant, v. JAMESON, Respondent.

(219 N. W. 118.)

(File No. 6313. Opinion filed April 11, 1928.)

For former opinion, see 215 N. W. 697.

*N. B. Bartlett* and *E. C. Sigler,* both of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for Respondent.

MISER, C. In the former opinion in this case, reported in 51 S. D. 540, 215 N. W. 697, the court held, upon the authorities therein cited, that the writ of habeas corpus cannot be substituted for the writ of error; that a prisoner whose guilt has been established by a regular verdict should not escape punishment altogether because the court in passing sentence, erred merely in regard to the punishment imposed; that, while the law affords such prisoner a remedy if the judgment be erroneous, and he seeks to have it corrected, his remedy is not by habeas corpus; and that, in such an instance and in a proper proceeding, the case of such a prisoner should be remanded to the trial court for the entry of a proper judgment. Having so held, the court could not do otherwise than affirm the order of the circuit court dismissing the writ of habeas corpus and remanding the prisoner to the custody of the defendant warden of the penitentiary. It was unnecessary to consider the

other points presented by the appeal. In order, however, that the confusion as to the meaning of section 4966, Rev. Code 1919, relating to the Indeterminate Sentence Law might thereby be removed, the court construed that section of the statute. On a rehearing at appellants' request, no sufficient reason was presented for further considering the former opinion as to those portions of it above referred to.

In the former opinion, however, we said:

"Appellant also questions the authority of the trial court to make use of the Indeterminate Sentence Law in sentencing this prisoner; the claim being that he is not one to whom its provisions are applicable. *This objection could only be raised by the state or by the person so sentenced, neither of whom have raised it.*"

■ In stating that "the person so sentenced" had not, in the haveas corpus proceeding, questioned the use of the Indeterminate Sentence Law in sentencing the prisoner, we now believe we erred. Whether or not the petition for the writ of habeas corpus was such as contempltaed by section 4978, the writ in fact was awarded, the prisoner was brought into court, and was there in person, participating in said proceedings without dissent. As appellant says in her petition for rehearing:

"No greater confirmation to a proceeding could be given than the prisoner sitting in court permitting such proceedings to be had."

Until the filing of appellant's petition for rehearing, we were not advised that this was appellant's position in this matter. In the first paragraph of our former opinion, we alluded to certain contentions presented by appellant's brief. The language of appellant to which we alluded was as follows:

"The question that now confronts this court is, assuming the judgment entered void—which it is—the prisoner having served forty-two months, and this action having been instituted by Ruth Anderson to secure the prisoner's release from the penitentiary, *and in which action the prisoner himself was not the actor,* if this court should remand the prisoner for a proper sentence, then the prisoner may plead prior punishment for the same offense.

And as follows:

"In the present case, *the prisoner Shenkle is not the acting party.*"

In view of the foregoing statements and the fact that Shenkle did not sign nor verify the petition, nor was any showing made of mental incompetentcy, or physical inability or duress such as would prevent signing, we concluded that it was appellant's intent to appear "in behalf of" the prisoner, if as a result of such appearance the prisoner obtained his liberty; on the other hand, not to appear "in behalf of" the prisoner to the extent of waiving a claimed constitutional right, if as a result of such appearance he was not restored to his liberty but was remanded to the trial court to be properly sentenced. We are now of the opinion that—whether or not the petition was such as contemplated by section 4978, or whatever the reasons for Shenkle not signing and verifying the petition nor furnishing an affidavit in support of appellant's petition—when he did appear in person and participated in the habeas corpus proceedings without dissent, the proceedings in habeas corpus were "in his behalf," whether so in the beginning or otherwise, and that therefore we were in error in the former opinion in holding that Shenkle had not, in the habeas corpus proceeding, questioned the use of the Indeterminate Sentence Law in sentencing him.

■ ■ Inasmuch as we have held, for reasons fully set forth in our former opinion, that habeas corpus is not the proper remedy in this case, we express no opinion as to the authority of the trial court to use the Indeterminate Sentence Law after Shenkle had testified to a former conviction. This and other questions can be disposed of, if and when raised in a proper proceeding. The writ of habeas corpus has for its object the release of persons illegally restrained of their liberty. The prisoner having been legally convicted of the crime of rape in the second degree, for which he might have been punished by imprisonment in the penitentiary not exceeding 20 years, is not entitled to his liberty merely because the court erroneously pronounced a sentence of not less than 10, nor more than 20, years, nor because, by reason of a former conviction, the Indeterminate Sentence Law may have been inapplicable to the prisoner.

The former opinion as hereinbefore modified, affirming the order remanding the prisoner to custody, is adhered to.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.