## STATE ex rel. ENGEBRITSON, v. CIRCUIT COURT FOR GRANT AND DAY COUNTIES

(11 N. W.2d 659.)

(File No. 8677. Opinion filed October 27, 1943.)

ORIGINAL PROCEEDING

**T. R. Johnson,** of Sioux Falls, for Plaintiff.

**George T. Mickelson,** Atty. Gen., **E. D. Barron,** Ass't. Atty. Gen., and **Frank S. Tait,** of Milbank, for Defendant.

RUDOLPH, J. The petitioner, Clarence Engebritson, was charged in the circuit court of Grant County with the

crime of perjury. The information, omitting caption and formal parts, is as follows: "That at said time and place the said Clarence Engebritson, did knowingly, unlawfully, willfully and feloniously, and after having taken an oath that he would testify to the truth and truly before the circuit court within and for Grant County, South Dakota, in an action entitled State of South Dakota v. Clarence Engebritson, Defendant, the same being a criminal action in which said oath was administered; testified as follows: 'Q. Are you a married man? A. Yes, I am. Q. Is that your wife and child and mother sitting here? (pointing to two ladies and a baby). A. Yes. Q. And they live over in Day County? A. Yes, they do.' the same being a material matter to build up and sustain the character and standing of the defendant and witness on his own behalf on that trial; the same being false and known to him to be false in that one of the ladies was his mother and the other was Roma Leegaard, NOT the wife of the witness and defendant, but a lady by whom he, said witness had had an illegitimate child, and said defendant and witness was not then a married man, but so stated to deceive the jury and court."

▮ To this information the defendant pleaded guilty and thereupon he was sentenced by the circuit court of Grant County to a term of ten years in the State Penitentiary. The present proceeding is an original proceeding in this court in certiorari wherein the petitioner asserts that the judgment and sentence of the court is void and seeks to have them set aside. The defendant is now serving a concededly valid sentence of three years in the penitentiary and would not, therefore, be entitled to release by habeas corpus even were it determined that the ten-year sentence, about which petitioner complains, is invalid. For this reason the court has felt that interests of justice require that it entertain jurisdiction of this original proceeding in certiorari and thereby consider petitioner's contention that the judgment and sentence of the court are void.

The proceeding being in certiorari, the scope of review of this court is, of course, limited. SDC 37.0401 provides:

"A writ of certiorari may be granted by the Supreme and Circuit Courts, when inferior courts, officers, boards, or tribunals have exceeded their jurisdiction, and there is no writ of error or appeal nor, in the judgment of the court, any other plain, speedy, and adequate remedy."

The extent of review upon certiorari is prescribed by SDC 37.0407 as follows: "The review upon this writ cannot be extended further than to determine whether the inferior court, tribunal, board, or officer, has regularly pursued the authority of such court, tribunal, board, or officer."

No contention is here raised that the circuit court in sentencing the defendant had failed to acquire jurisdiction of defendant's person nor is it contended that the court was without jurisdiction of the subject matter. Petitioner's contention in substance is that the circuit court of Grant County was without authority to render judgment under this information purporting to charge petitioner with the crime. In support of his position, petitioner contends that the information fails to state a public offense in that an essential element of the crime of perjury is the materiality of the false testimony and it is contended the information shows that the false testimony was not material to the question at issue in the trial where the false testimony was given.

██ The first question presented by petitioner's contention is the extent of this court's power in certiorari to review a judgment in a criminal case. It is clear that the court is without power to examine evidence for the purpose of determining whether it supports a conviction, at least without a showing of fraud, or willful and arbitrary disregard of undisputed and indisputable proof wherein credibility of witnesses is not involved. State ex rel. Grey v. Circuit Court of Minnehaha County, 58 S. D. 152, 235 N. W. 509. However, the fact is conceded in this record that the charge involved in the trial at which the perjured testimony is alleged to have been given was a charge of obtaining property by means of false pretenses by issuing a check without having funds in the bank upon which the check was drawn. We are, therefore, of the opinion, that we are

privileged to consider the information upon which the perjury conviction is based in the light of this conceded fact.

■ While this proceeding is in certiorari, we believe the scope of our review is the same as the review in habeas corpus when it is sought in such proceeding to inquire into an imprisonment resulting from a judicial proceeding. The inquiry in habeas corpus under such conditions is limited, as our inquiry in certiorari is limited, to questions affecting the jurisdiction of the court which caused the imprisonment. SDC 37.5504. In habeas corpus it is generally held that the court may consider the information upon which the conviction is based, and determine whether the information states any crime known to the law. As stated in the Annotation to Ex parte Jarvis, 57 A. L. R. 85: "The rationale of this doctrine is that in criminal cases the jurisdiction of the court extends to such matters as the law has declared criminal, and none other; and when a court undertakes to punish for an offense to which no criminality attaches, however reprehensible such offense may be in the forum of conscience, the court acts beyond its jurisdiction. An indictment, information, or written accusation is the very groundwork of the whole superstructure of a prosecution for the commission of an offense. If such an information contains allegations of overt acts or conduct which does not constitute any crime known to the law, or undertakes to state an offense, but the facts stated do not constitute the offense, and no addition to them however full and complete can supply what is essential, the court is without jurisdiction to put the accused on trial. In such case the judgment of conviction cannot be corrected. It is simply void. * * *"

This court has held in substantial agreement with the doctrine as above expressed. In the case of In re Taber, 13 S. D. 62, 82 N. W. 398, 399, speaking with reference to the scope of inquiry in a habeas corpus proceeding, the court stated: "Some of the older authorities regarded jurisdiction of the matter and of the person sufficient to give the court jurisdiction to pronounce a judgment which could not be successfully assailed by this writ. The rule now supported

by high and abundant authority and excellent reason is that the court must not only have jurisdiction over the person and the matter, but authority to render the particular judgment. The judgment is not conclusive upon the question of the authority of the court to render it."

The doctrine is not without limitations which are well stated in the case of Re Turner, 92 Vt. 210, 102 A. 943, 946: "The question is not as to the sufficiency of the complaint as a matter of pleading, but whether it is void in that it describes no offense. The inquiry in such case is not whether the complaint contains such specific allegations as would make it good on demurrer or motion in arrest, but whether it describes a class of offenses of which the court has jurisdiction and alleges the respondent to be guilty. In re Coy, 127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274. If there is a manifest want of criminality in the matter charged, such as in effect to render the proceedings void, doubtless relief could be granted on a writ of habeas corpus. Note 26 Am. Dec. 48. But where the complaint, though inartificially drawn, shows an evident attempt to state the essential facts which constitute the crime sought to be charged, a defect in statement will not warrant a discharge. To hold otherwise would be to substitute the writ for the regular proceedings in error and would result in intolerable interference with the ordinary process of criminal prosecutions. 12 R. C. L. 1202."

 The application of the doctrine is, however, more difficult than its statement. This information attempts to charge the crime of perjury. An essential element of this crime is that the false testimony must relate to a "material matter." SDC 13.1237. The alleged false testimony consisted of the petitioner stating he was married and identifying a certain woman in the court room as his wife. It is obvious we believe that such testimony was not directly material to the principal issue of whether the defendant did pass a worthless check. However, "* * * a statement is usually held sufficient to support a charge of perjury if it is material to any proper matter of inquiry, and if, furthermore, it is calculated and intended to bolster the testimony

of a witness on some material point, or to support or attack the credibility of a witness." 41 Am. Jur., Perjury, Sec. 13. Does testimony of the defendant charged with issuing a worthless check that he is married support or attack the credibility of the witness? The information alleges and the state has contended before this court that such evidence was material because it tended "to build up and sustain the character and standing of the defendant", in other words, that it supported his credibility. We cannot so conclude. It might well be that had defendant been charged with some type of crime other than issuing a worthless check his marriage or nonmarriage would be material either as to the principal issue or as affecting his credibility. Materiality is not an abstract thing, but must be determined in accordance to its relation to the matter at issue. We are unable to determine that a finding of truth or falsity of defendant's testimony concerning the issuance of a worthless check would be dependent to any extent upon his marital status. Nor do we believe, that under the circumstances disclosed, the marriage or nonmarriage of the defendant could either add to or detract from defendant's character. We are of the opinion, therefore, that the information fails to state a crime. This failure is not due to a defect in statement, or because the information is inartificially drawn. The failure is one of substance; the facts are alleged and those facts disclose that an essential element of the alleged crime is absent. It is further apparent that no addition to the facts however full and complete can supply the missing essential fact necessary to constitute the crime. Under these circumstances it appears that the petitioner was charged with acts which, under our law, do not constitute a crime, and that the prosecution and subsequent imprisonment of the petitioner has as its groundwork an information which shows that no crime was committed. We are of the opinion that, under the authorities above cited, the court was without authority to render the judgment. The time for appeal from the judgment having expired, petitioner would be without remedy unless this writ be granted. The judgment adjudging peti-

tioner guilty of the crime of perjury is annulled, and the sentence of the court set aside. A judgment of this court will be entered accordingly.

All the Judges concur.