STATE, Respondent, v. SWANSON, Appellant

(17 N. W.2d 303.)

(File No. 8675.   Opinion filed January 12, 1945.)

**E. B. Harkin,** of Aberdeen, for Defendant and Appellant.

**George T. Mickelson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., for Plaintiff and Respondent.

PER CURIAM.

▋▋ Defendant was charged with the offense of operating while under the influence of intoxicating liquors, a motor vehicle upon a public highway. Upon a plea of guilty to the information, the court sentenced defendant to a term of imprisonment in the county jail for 30 days and prohibited him from operating a motor vehicle within the state for a period of one year. Defendant on appeal challenges the judgment as being excessive. The statute, SDC 44.9922, provides that when a person is found guilty of operating or attempting to operate a motor vehicle upon a public highway while in an intoxicated condition the court shall include in the judgment "an order prohibiting such convicted person from operating any motor vehicle upon the public highways of this state for a period of one year from the date of conviction." The prohibition is limited to operation upon the public highways and the judgment is erroneous in not confining the prohibition to the public highways of the state. This error may be corrected by the trial court upon remand of the case. Territory v. Conrad, 1 Dak. 363, 46 N. W. 605; State v. Schaller, 49 S. D. 398, 207 N. W. 161.

▋ The denial of the right to operate a motor vehicle upon the public highways of the state follows as a consequence and effect of a conviction and constitutes a part of the judgment of conviction. Defendant contends that the statute deprives the accused of the right to operate a motor vehicle on the public highways without due process of law. The statute specifically provides for denial of such right on conviction and the accused has an opportunity to be heard at the trial. It cannot be said that there is a denial of the right to operate a motor vehicle without notice and hearing.

The judgment appealed from is therefore reversed with directions to the trial court to cause the defendant to be brought before it to have judgment imposed as provided by statute.

POLLEY, ROBERTS, RUDOLPH, and SICKEL, JJ., concur.

SMITH, P. J., disqualified and not sitting.