STATE ex rel. MEDICINE HORN, Appellant v. JAMESON, Respondent

(100 N.W.2d 829)

(File No. 9779. Opinion filed February 9, 1960)

**Anderson & Weisensee,** Sioux Falls, for Plaintiff and Appellant.

**Parnell J. Donohue**, Atty. Gen., **Wallace G. Dunker**, Asst. Atty. Gen., for Defendant and Respondent.

ROBERTS, P. J.    An information filed in the Circuit Court of Charles Mix County, November 25, 1957, charged the defendant with the crime of escape from prison. The defendant was also charged with having been previously convicted on specific dates in the Circuit Court of Charles Mix County, South Dakota, with three named felonies. Defendant represented by counsel appeared before the court on December 2, 1957, and the transcript of the record upon arraignment shows the following:

> "The Court: Mr. Medicine Horn, the charge contained in the information which has just been read in your hearing and of which you have just received a copy is what is known as a felony. It involves imprisonment in the state penitentiary as punishment. * * * With that in mind and bearing in mind your consultation and discussion with your counsel, to the charge as contained in the information how do you plead guilty or not guilty?

> "The Defendant:    Guilty.

> "The Court: The plea of guilty will be received and upon such plea the defendant is convicted of the offense as charged of escape.

> "Now, Mr. Medicine Horn, included in this information upon which you have just been arraigned, are further allegations in substance that on three previous times you have been convicted of offenses which constituted felonies.

> "Now, those offenses, as you will understand, place you under the habitual criminal law. They don't create or define any new offense. It only goes to the extent of the punishment which the court may inflict. You understand that, do you, Mr. Medicine Horn?

"The Defendant: Yes.

"The Court: Now, the fact that you have entered a plea of guilty to the charge of escape from the city jail of Wagner does not constitute an admission of these three previous offenses and as to them you are entitled to a trial before a jury at this term of court as to the question of identity. That is as to whether you are the same person who is named as having been convicted. In other words, the question is whether you have three times or two times or one time been previously convicted of felonies in the courts of this state. I am going to call your attention to each one of these allegations and I am going to ask you whether you are the person. Now, you don't need to admit it, if it is the truth and you desire to admit you may say 'Yes', or you may say 'No', or you may utterly refuse to answer in which event it will be the duty to enter a plea of not guilty by the court. Then the question will be for trial by a jury as to whether you are the same person. I am aware that all of these convictions are alleged to have taken place right in Charles Mix County and so probably there isn't any question about the identity, but we are going to go through this very formally in any event.

"Now, Mr. Medicine Horn, it is alleged that on the 27th day of November, 1950 you were convicted of the crime of grand larceny in this court, in Charles Mix County, South Dakota. I now inquire as to whether you are the same person who was at that time convicted of grand larceny in the Circuit Court of Charles Mix County?

"The Defendant: Yes, sir."

The same inquires were made as to the other two prior convictions contained in the information and to which inquires the defendant answered affirmatively. The maxi-

mum sentence provided by statute for the offense of which defendant was convicted is imprisonment in the State Penitentiary for two years. SDC 13.1227 as am. by Chap. 31, Laws 1957. The court on the basis of the prior convictions sentenced defendant to a prison term of five years.

Defendant instituted a habeas corpus proceeding in the Circuit Court of Minnehaha County. The court hearing the proceeding being of the opinion that defendant was legally confined entered judgment on December 1, 1958, denying the application. From this judgment defendant appeals. By his assignments of error defendant seeks reversal upon these grounds: (1) that the record shows merely that he is the person named in the allegations of the information as to the prior convictions and not that he is the same person who was previously convicted and (2) that the habitual criminal statute permitted the filing of a separate information after conviction and that an information setting forth first the principal charge and then the prior convictions is fatally defective.

■■ It is well settled that a writ of habeas corpus is not a substitute for an appeal and that irregularities or errors which render the judgment merely voidable, and not void, cannot be collaterally inquired into. It reaches only jurisdictional errors. State v. Pratt, 20 S.D. 440, 107 N.W. 538; State ex rel. Doll v. Godsey, 40 S.D. 70, 166 N.W. 236; State ex rel. Anderson v. Jameson, 51 S.D. 540, 215 N.W. 697; 52 S.D. 524, 219 N.W. 118; State ex rel. Poach v. Sly, 63 S.D. 162, 257 N.W. 113; State ex rel. Engebritson v. Circuit Court, 69 S.D. 454, 11 N.W.2d 659, 150 A.L.R. 739; State ex rel. Smith v. Jameson, 70 S.D. 503; 19 N.W.2d 505; Ex parte Watt, 73 S.D. 436, 44 N.W.2d 119. This court has held that the statutory remedy of habeas corpus (SDC 37.55) is based upon this theory that a prisoner committed or detained by virtue of the process of a legally constituted court with jurisdiction cannot be released. State v. Pratt, supra.

While inquiry on habeas corpus is limited to questions of jurisdiction, the authorities are not agreed as to what is comprehended within that term. Annotation: 76 A.L.R.

468. This court has held that jurisdiction to render a particular judgment is as essential as is jurisdiction of the person and the subject matter. In re Taber, 13 S.D. 62, 82 N.W. 398; Acker v. Adamson, 67 S.D. 341, 293 N.W. 83. The Circuit Court of Charles Mix County had jurisdiction of the person of the defendant and of the subject matter. The sole inquiry then is whether the court had authority to pronounce a sentence and judgment of five years upon the defendant.

■ SDC 13.0611, the habitual criminal statute, was in effect when judgment of imprisonment herein was rendered. It does not create an offense, but authorizes additional punishment, because of prior convictions, upon a person convicted of a subsequent offense. State v. DeMarsche, 68 S.D. 250, 1 N.W.2d 67, 68. Defendant pleaded guilty to the principal offense and this was equivalent to conviction thereof. The statute contemplates a second adjudication as to previous convictions. After information has been filed accusing a defendant of previous convictions, the court must bring him before it and "inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall request such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer or remains silent, his plea or the fact of his silence shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment prescribed" in the statute. As therein provided, a person who has been three times convicted may in the discretion of the court be sentenced to life imprisonment.

■ The statute by its terms enables a state's attorney to file a supplement information where he acquires know-

ledge or information of prior convictions after sentence or conviction for a subsequent offense. SDC 13.0611(3); State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130. We do not think that the statute required the filing of a supplemental information where the prior convictions were known to the state's attorney at the time of the filing of the information. The manner of pleading prior convictions has now been prescribed by statute, Chapter 234, Laws 1959, but was not in effect when the judgment herein was rendered. This statute expressly permits in addition to the principal offense charged in an information allegations of previous convictions. To avoid prejudice to the defendant, the portion of such an information charging previous convictions must be withheld from a jury until accused shall have been convicted of the principal offense charged. The rights of the defendant could not have been more carefully protected in the instant case if a supplemental information had been filed.

The record of the proceedings on sentence shows that defendant was informed as to his right to be tried by a jury as to the truth of the allegations as to whether he was the same person mentioned in the information as having been previously convicted. Admission of his identity with the person who in each instance was previously convicted as alleged obviated the necessity of further proof. State ex rel. Smith v. Jameson, supra. The sentence was within the power of the court unimpaired by any jurisdictional defect to impose. The application for writ was properly denied.

Judgment appealed from is affirmed.

All the Judges concur.