ISAAC MOORE v. THE STATE.

ASSAULT AND BATTERY.  *Former acquittal.  Murder.*

Acquittal under an indictment which, as permitted in Code 1880, § 3016, charges murder, without averring an assault and battery, is not good as a plea in bar of a subsequent indictment for the latter offence.

APPEAL from the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

To an indictment charging him with an assault and battery, committed on January 10, 1880, upon Milly Moore, the appellant filed a plea alleging that the grand jury had previously presented that he on that day did wilfully, feloniously, and of his malice aforethought, kill and murder Milly Moore, to which he had pleaded not guilty, and upon which, after trial by a jury, he was acquitted and discharged; that the State introduced the same witnesses now relied on, and endeavored to prove that on the date mentioned he killed his wife, Milly Moore, by assaulting and beating her, so that the offence now charged constituted an element in the accusation of murder so tried. Demurrer to this plea was sustained, and the appellant was found guilty.

*Nugent & McWillie*, for the appellant.

If the accused could have been convicted under the first indictment on proof of the facts by which the second is sought to be maintained, the demurrer to his plea should have been overruled. *Commonwealth* v. *Roby*, 12 Pick. 496; Cooley Const. Lim. 328. At common law the rule failed if the lesser offence was a trespass and the greater a felony, because the indictment for the latter would not support a conviction of the former. 1 Starkie Cr. Pl. 324. But this is altered by statute. Code 1880, § 3078; Code 1871, § 2809; *Brantley* v. *State*, 13 S. & M. 468. A person indicted for an assault with intent to kill may be found guilty of an assault. *Gipson* v. *State*, 38 Miss. 295; *Bedell* v. *State*, 50 Miss. 492. Every murder includes an assault and battery. 1 Bish. Crim. Law, § 682. The appellant could have been convicted of the assault and battery charged in the second indictment under the first, which charged murder. *Munford* v. *State*, 39 Miss. 558.

*L. Brame*, Attorney General *pro tem.*, for the State.

Assault and battery must be alleged in certain technical language, and no such charge is contained in a statutory indictment for murder. Code 1880, § 3016. If on such indictment an assault and battery can be proved, the accused will not be informed beforehand of the nature and cause of the accusation. Const. art. 1, § 7. Code 1880, § 3078, and Code 1871, § 2809,

would be unconstitutional if adverse counsel's construction were correct. But the statute authorizes conviction of a lesser offence only where it is necessarily included in the language used to describe the crime charged. The policy of the statute encourages compromise verdicts in grave criminal cases, and it should not be extended by construction.

Campbell, J., delivered the opinion of the court.

If in the trial under the indictment for murder the appellant might have been lawfully convicted of the assault and battery charged in this case, his plea of former acquittal is good. At common law there could be no conviction for a misdemeanor on an indictment for felony. That is changed by Code 1880, § 3078, so as to authorize a verdict of guilty of the offence as charged, or of any attempt to commit the same offence, or of an inferior offence, or other offence the commission of which is *necessarily* included in the offence charged in the indictment. If an assault was necessarily included in the crime of murder or manslaughter, a conviction for it might be had under an indictment for the felony, but " there may be manslaughter as well as murder committed where there is no assault, no battery, no wound inflicted." 2 Bish. Crim. Proc. § 538. And therefore assault and battery, or assault, is not necessarily included in a charge of murder of which an assault may or may not have been a constituent according to the circumstances.

Where an indictment for murder or manslaughter charges an assault and battery, or an assault, the verdict may be for either according to the proof, but under an indictment for murder or manslaughter in the form permitted by Code 1880, § 3016, it is not allowable to render a verdict for an assault and battery or an assault, neither of which is charged in terms by the indictment, or *necessarily* included in the offence charged. To warrant conviction the allegations of the indictment must embrace the offence, or it must be *necessarily* included in the offence specifically charged ; otherwise the prisoner might be found guilty and be punished without being accused of the offence of which he was convicted, which is not to be permitted. It is the constitutional right of the accused to demand the nature and cause of the accusation in all criminal prosecu-

tions against him, and he cannot be lawfully convicted of any offence not included in such accusation. 2 Bish. Crim. Proc. § 626 ; 1 Bish. Crim. Law, §§ 794, 798, 803, 809. If under the former indictment for murder, which did not contain an allegation of an assault and battery, but charged that the defendant did " wilfully, feloniously, and of his malice aforethought kill and murder " the deceased, the appellant had been found guilty of assault and battery or either, we would not have sustained such conviction, because of the absence of an allegation in the indictment of such an offence, and because it is not necessarily included in the offence which was charged, it being true that murder may be committed without an assault and battery, or either. It follows from these views that the demurrer to the special plea was properly sustained, and the judgment is                                    *Affirmed.*