JOHN D. LUCAS *v.* THE STATE.

1. HOMICIDE. *Indictment for murder. Conviction of lesser offense. Code* 1892, § 969.

   Although § 969, code 1892, provides that on the trial of an indictment for a homicide, the defendant may be convicted of discharging a fire-arm intentionally, and not in self-defense, aimed at another, who, by its discharge, is killed, the conviction of this lesser offense, not being necessarily included in a charge for murder, cannot be sustained in the absence of a count in the indictment charging it. *Moore* v. *State*, 59 Miss., 25.

2. SAME. *Acquittal of greater offense. Prisoner not discharged.*

   In such case, where there is a conviction of such lesser offense, the judgment will be arrested, but the accused will be held to answer an indictment for the offense created by § 969, code 1892, he not having been in jeopardy for that. *Scott* v. *State*, 60 Miss., 268.

FROM the circuit court of the first district of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

Appellant was indicted for the murder of Will Butts, the indictment being by a single count in the usual form. The jury returned the following verdict: "We, the jury, find the defendant guilty under § 969, code 1892, of intentionally pointing a pistol, and accidentally discharging same and kill-

ing, by such discharge, th'e deceased." The accused there-upon moved to arrest the judgment, on the ground that the offense of which he was found guilty is not a constituent offense of the crime of murder charged in the indictment. The motion was overruled, and accused sentenced to imprisonment in the penitentiary for two years, and from this judgment he appeals.

Section 969, code 1892, is as follows: "Any person who shall intentionally point or aim any gun, pistol or fire-arm at or towards another, except in self-defense or in the lawful discharge of official duty, shall be punished by a fine of not more than five hundred dollars, or imprisonment in the county jail not longer than six months, or by both; and any person who shall discharge such fire-arms so intentionally pointed or aimed, shall be punished by not exceeding double such fine or imprisonment, or both; and any person who, by such discharge, shall maim, kill or injure another, shall be punished by imprisonment in the penitentiary not exceeding five years; and, on the trial of an indictment for a homicide, if the jury shall be satisfied that the accused is guilty under this section, and not guilty of murder or manslaughter, it may find him not guilty of murder or manslaughter, and render a verdict of guilty under this section."

*Fitzgerald & Maynard*, for appellant.

The conviction of the lesser offense was not authorized. *Moore* v. *State*, 59 Miss., 25; *Scott* v. *State*, 60 *Ib.*, 268.

*Nugent & McWillie*, on the same side.

*Frank Johnston*, attorney-general for the state.

The language of § 969, code 1892, is clear and unambiguous, and the verdict is in accordance therewith. Whether the offense of which the accused was found guilty is a constituent of this is immaterial, in view of this section. The indictment for murder would reasonably inform the accused

of the nature of the accusation, and thus meet the constitutional requirement as to this.

CAMPBELL, C. J., delivered the opinion of the court.

See *Moore* v. *State*, 59 Miss., 25, and *Scott* v. *State*, 60 *Ib.*, 268.

*Reversed, judgment arrested and accused held for the action of the grand jury, as he is liable to indictment under* § 969, *code* 1892, *not having been tried or in jeopardy for that.*