MATHEW THOMAS *v.* STATE.

1. FIREARMS. *Intentional pointing.  Accidental killing.  Conviction on in-dictment for murder.  Code* 1892, §§ 969, 1359.

   Upon an indictment for murder in the form prescribed by § 1359, code 1892, the accused may be convicted, under § 969 thereof, of intentionally pointing and aiming a firearm at or towards another, not in self-defense or in the lawful discharge of official duty, and discharging such firearm, thereby killing the person at or towards whom the same was pointed or aimed, and be sentenced to imprisonment in the penitentiary not exceeding five years.

2. VERDICT. *Sentenced as for a felony.  Code* 1892, § 969.

   Where the verdict, on the evidence and the instructions, is manifestly a conviction of the above offense, under § 969, code 1892, which, in express terms, authorizes such finding on the trial of an indictment for a homicide, the accused should be sentenced, under the statute, as for a felony, and the action of the trial court in setting aside such sentence previously rendered, and imposing one as for a misdemeanor, will be reversed on the cross appeal of the state.

3. CROSS APPEAL BY STATE. *Direct appeal by defendant.  Formal cross appeal unnecessary.  Code* 1892, § 39.

   Where the record shows that the state excepted to the action of the trial court in erroneously setting aside a sentence as for a felony, and imposing one as for a misdemeanor, and the defendant appeals from the second sentence, the supreme court, having the whole record before it, will review such action of the trial court, under authority of § 39, code 1892, as if a cross appeal had been formally prosecuted by the state.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

On the trial of the accused for murder, one of the instructions for the state was predicated of that crime.  The second, and only other instruction for the state, directed the jury that, if they believed from the evidence that the defendant intention-

ally pointed a loaded pistol at the deceased, and the pistol went off without the defendant intending to shoot, and it killed the deceased, their verdict should be in these words: "We, the jury, find the defendant guilty of pointing a pistol intentionally at the deceased, and the same, was then and there discharged, and killed the deceased." A verdict was returned in the exact words prescribed by this instruction, and it is sustained by the evidence. The opinion states the further proceedings in the case.

*Willing & Ramsey,* for appellant.

The defendant could only be convicted of murder or manslaughter under the indictment, which failed to set forth the manner in which, and the means by which, the death of the deceased was brought about, so as to include in it the offense mentioned in § 969, code 1892.

The second instruction for the state directs the jury to find the defendant guilty, though the pistol may not have been discharged by him.

The verdict does not show that defendant was guilty under § 969, code 1892.

*Frank Johnston,* attorney-general, for the state.

The objection of the appellant that he was not indicted for the offense of which he was convicted, is answered by the fact that the statute expressly makes that of which he was convicted a minor offense, included in the homicide, and declares that there may be a conviction for the same under an indictment for the homicide. Code 1892, § 696.

Neither the verdict, nor the instruction prescribing the form of same, are subject to the objection urged by the appellant. The verdict can mean nothing else than that the pistol was discharged by the appellant. The intention to shoot a pistol discharged while in the hands of the accused, and intentionally pointed at the deceased, is not an element in the statutory of-

·fense. If the shooting had been intentional, the homicide would have been either murder or manslaughter.

Whitfield, J., delivered the opinion of the court.

The appellant was indicted for murder, the indictment being in the form prescribed by § 1359 of the code of 1892. He was ·convicted under § 969 of said code, the jury returning this ver-·dict: "We, the jury, find the defendant guilty of pointing a pistol intentionally at the deceased, and the same was then and there discharged, and killed the deceased." Section 969 provides for three offenses: First, "intentionally pointing . . . .any . . . pistol at or towards another, except,'' etc.; ·second, the discharge by any person of such firearm so intentionally pointed—these two offenses being misdemeanors; and, third, "the killing, maiming or injuring of another by such ·discharge, by any person, of such so intentionally pointed firearm," which is made a felony, punishable by imprisonment not exceeding five years. The verdict on the testimony and the instructions is manifestly a conviction (the party pointed at being killed. by the apparently intentional discharge of the pistol) of this third offense—the felony. No other construction of the verdict is reasonable. The court below first took this, the correct, view, and sentenced the appellant to five years' imprisonment in the penitentiary. Afterwards,·on the hearing ·of the motion for a new trial (one of the grounds of which was that "the defendant was convicted of no criminal offense "), the court overruled the motion; but, to quote the record, "the ·court, being of the opinion that the conviction was of a misdemeanor, and not a felony, set aside the sentence," and then ·sentenced appellant to six months' imprisonment in the county jail, and to pay a fine of fifty dollars. The appellant excepted to the action of the court in overruling the motion for a new trial, and the state excepted to the action of the court in setting .aside the first sentence. Both the state and the appellant were .granted sixty days in which to file bills of exception. The

appellant also moved in arrest of judgment, on the ground that the conviction was of no offense known to the law, which was overruled.

The appellant's contentions are without merit. Section 969, code of 1892, expressly provides that, "on the trial of an indictment for a homicide, if the jury shall be satisfied that the accused is guilty under this section, and not guilty of murder or manslaughter, it may . . . render a verdict of guilty under this section." Hence *Moore* v. *State*, 59 Miss., 25, is not applicable. But, unfortunately for. the appellant, we are compelled to " decide the question of law presented by the exception of the state to the action of the court below in setting aside the first sentence. Section 39, paragraph 3, of the code of 1892, provides that "the state may prosecute an appeal from the judgment of the circuit court in a criminal cause from a ruling adverse to the state in every case in which a defendant is convicted and prosecutes an appeal, and in such case the whole record shall be carried before the supreme court on the direct appeal, and the case shall be treated as if a cross appeal had been formally prosecuted by the state." And, further, that "all questions of law thus presented shall be decided by the supreme court." The "direct" appeal compels this court to decide all questions of law which have been ruled adversely. to the state by the court below, such rulings having been excepted to, and the whole record disclosing the ruling and the exception. We are bound by the statute to treat such case as if a cross appeal had been formally prosecuted. All that would ordinarily be essential to perfect a cross appeal "formally"— as, for instance, an assignment of errors by cross appellee in a civil cross appeal—must be treated here as having been done and the case as being one with a cross appeal by the state in the record, in all respects "formally prosecuted." The purpose of the statute was to provide an inexpensive, summary, simple method of cross appeal for the state in cases falling within said paragraph 3 of § 39 of the code of 1892.

The court below erred in setting aside the first sentence.

*The case is therefore affirmed on the appeal of the appellant, but reversed on the cross appeal of the state, and remanded for sentence on the verdict as being for the felony provided for in* § 969 *of the code of* 1892.