## MORGAN WASHINGTON *v.* STATE OF MISSISSIPPI.

CRIMINAL PROCEDURE. *Conviction of constituent offense. Code* 1892, § 969. *Constitutional law.*

The statute, code 1892. § 969, which authorizes, under an indictment for homicide, a conviction for the killing of another by the accidental or other discharge of firearms, intentionally aimed by the accused at such other, is constitutional. *Lucas* v. *State*, 71 Miss., 471, overruled; *Thomas* v. *State*, 73 Miss., 46.

FROM the circuit court of Yazoo county.

HON. ROBERT POWELL, Judge.

The appellant, Morgan Washington, was defendant in the court below. The facts are stated in the opinion of the court. Code 1892, § 969, is in these words:

"969 (2984). *The same; pointing, aiming a gun, etc.*—Any person who shall intentionally point or aim any gun, pistol or firearm at or towards another, except in self-defense or in the lawful discharge of official duty, shall be punished by a fine of not more than five hundred dollars, or imprisonment in the county jail not longer than six months, or by both; and any person who shall discharge such firearms, so intentionally pointed or aimed, shall be punished by not exceeding double such fine or imprisonment, or both; and any person who, by

such discharge, shall maim, kill, or injure another, shall be punished by imprisonment in the penitentiary not exceeding five years; and on the trial of an indictment for a homicide, if the jury shall be satisfied that the accused is guilty under this section, and not guilty of murder or manslaughter, it may find him not guilty of murder or manslaughter, and render a verdict of guilty under this section.''

*Henry & Barbour,* for the appellant.

This case presents an anomaly. Defendant, appellant, was indicted for murder, found guilty of pointing a pistol and killing a human being, and sentenced for manslaughter. He was acquitted of murder and of all constituent crimes. Manslaughter is necessarily included in murder, so appellant was sentenced for a crime of which he was acquitted.

Under the constitution of the United States and of this state the accused has the right to be advised of the nature and cause of the accusation against him, that he may be enabled to make preparation for his trial, and, also, that there may be such identification of the offense that he may be insured against a subsequent prosecution therefor. It would be a waste of words to argue that the intentional pointing of a pistol at a person, and its discharge, whereby the person is killed, is not included in the charge of murder, for murder may be committed in a number of ways without the use of firearms. Murder was committed before firearms were invented.

If § 969, code 1892, is susceptible of the construction placed upon it by the court below, and which would maintain the verdict here, then it is repugnant to the constitution, state and national, requiring that the accused must be advised of the nature and cause of the accusation against him.

*Wiley N. Nash,* attorney-general, for the appellee.

The only question is as to the constitutionality of § 969, code 1892. Two cases recently decided by this court are conclusive

of the question in the state's favor herein.   *Thomas* v. *State*, 73 Miss., 46, which overrules *Lucas* v. *State*, 71 Miss., 471; *Meyers* v. *State*, 23 So. Rep., 428.

TERRAL, J., delivered the opinion of the court.

The defendant was charged with murder in that he "did feloniously, wilfully, and of his malice aforethought, kill and murder Paulina Grandison;" the evidence disclosed the fact that Paulina was killed by the discharge of a pistol intentionally pointed by him against her; and the record of the verdict and sentence, which is contained in one order or entry, says: "We, the jury, find the defendant guilty of intentionally pointing a pistol at Paulina Grandison, not in self-defense, not in the lawful discharge of official duty, and that he did discharge the pistol so pointed, and by the discharge of the pistol so aimed at Paulina Grandison, did shoot and kill her, Paulina Grandison, whereupon it is considered by the court that for such, his offense of manslaughter, he be imprisoned in the penitentiary for three years from this date."

Counsel for appellant insist that under § 969, which, under the charge of murder, authorizes a conviction of the killing of another by the accidental or other discharge of firearms, intentionally aimed at such other person, is unconstitutional, and that the cases of *Thomas* v. *State*, 73 Miss., 46, and *Meyers* v. *State*, 23 So. Rep., 428, are contrary to *Lucas* v. *State*, 71 Miss., 471.

The case of *Thomas* v. *State*, 73 Miss., 46, by necessary implication, overrules and was doubtless intended by the court to overrule, the Lucas case, and the decision in the Meyers case properly followed it.

We do not think that § 969 contravenes the provision of the constitution which secures to the accused, in all criminal prosecutions, the right to demand the nature and cause of the accusation.

By § 969 the killing of a human being by the discharge of

firearms intentionally pointed at such human being, is made criminal homicide, and it makes the charge of murder or manslaughter to include such first mentioned homicide, and it seems to us that the charge of murder or manslaughter, according to well-settled principles of pleading and practice of criminal jurisprudence, necessarily includes the crime of homicide by the discharge of firearms intentionally pointed at the person killed.

We think § 969 is a constitutional exercise of legislative power; it wisely favors the easy administration of the criminal law, and is consistent-with the perfect security of all the just rights of accused persons.

But the court [my brethren] think that the sentence is for manslaughter, and not for the offense of which he, the defendant, was convicted, and for this cause the judgment is reversed, and the cause is remanded that the defendant may be sentenced for killing Paulina Grandison by the-discharge of firearms intentionally pointed at her by him.

*Judgment reversed, and case is remanded for a proper sentence.*