Statement of the case.

CHARLES N. FULLER *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.  *Gambling.  Punishment.  Code* 1892, § 1122.

> Code 1892, § 1122, providing that one convicted of gambling shall be fined, and unless the fine and costs be immediately paid, shall be imprisoned for not less than five nor more than twenty days, does not prescribe two punishments in the alternative.

2. SAME.

> A defendant convicted of gambling, under said code section, cannot complain of the court's failure to add a term of imprisonment on the non payment of the fine imposed.

3. SAME.  *Laws* 1894, *p.* 67, *ch.* 76, *sec.* 3.  *County farm.*

> A defendant convicted of gambling, under said code section, may be sentenced to pay a fine and costs and to stand committed until the fine and costs are paid, as provided in Laws 1894, p. 67, chap. 76, sec. 3, and may be worked on the county farm until the fine and costs are paid, as provided in said chapter.

4. SAME.  *New trial.  Juror's disqualification.*

> A new trial was properly denied to a defendant convicted of gambling, upon a showing to the effect that one of the jurors, after the rendition of the verdict, stated that "everybody knows the defendant to be a gambler," the juror denying that he had made the statement.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Fuller, appellant, was indicted, tried, and convicted for gambling. On his motion for a new trial he introduced testimony to the effect that one of the jurors, after the return of the verdict, stated in explanation of the finding "that everybody knows Fuller to be a gambler." The juror testified that he did not make the statement. The court below denied the new trial, and appellant appealed to the supreme court. The opinion of the court fully states the other facts.

*Williamson, Wells & Croom,* for appellant.

It was shown on the motion for a new trial that Cook, one of the jury, said after the trial that everybody knew that Fuller was a gambler. That was evidently his opinion before he went into the box, although when asked on his *voir dire* he stated that he had no opinion, and was wholly impartial. He did not need any proof to convict Fuller. Everybody knew he was a gambler.

A new trial should have been granted on this showing.

We feel confident that the court below committed a fatal error in the case when it overruled the motion of the defendant that the judgment be that "unless the fine and costs be paid immediately defendant shall be imprisoned for a period of twenty days."

It seems clear that the legislature meant by § 1122, Code 1892, to punish "gambling" or "wagers generally" by a fine, and in case the party could not immediately pay the fine and costs that twenty days imprisonment should be substituted for the fine. It was not intended to impose both the fine and imprisonment. The construction put upon this section by the lower court makes the law impose a heavier penalty on the poor man who happens to play a little game of craps or poker and is unfortunate enough not to have the money to pay his fine and costs, than it imposes upon a common gambler who plays for a living, and has money sufficient to pay the fine and costs.

Just think of it. Here are two persons arraigned before the court for playing a little game of poker. The court fines each $500. One is a man of means who pays his fine and costs immediately; the other is a poor man who has not the money and cannot pay his fine and costs immediately. Is the poorer man to be put in jail for twenty days in addition to the fine and costs, and after serving twenty days must he work on the county farm at thirty cents per day or at five dollars per month until

he pays the $500 and costs? Such was not the intention of the law-makers.

The twenty days imprisonment is the equivalent of and in lieu of the fine, and when the penniless offender has served out the twenty days and paid or worked out the costs he again secures his freedom like his more fortunate comrade who had the means to pay, and immediately paid the fine and costs.

*J. N. Flowers,* assistant attorney general, for appellee.

If the contention of counsel for appellant be correct the case should be reversed and remanded for the proper sentence as was done in *Bedell* v. *State,* 50 Miss., 492, but if it should be held by this court that the contention of the counsel is not sound, the judgment of the court below should be affirmed, although this court construe § 1122, Code 1892, to mean that the imprisonment provided for is an additional penalty for failure to pay the fine and costs immediately, and should have been included in the sentence and judgment of the court. In the event it be determined error was committed by the court below, it was in appellant's favor and he cannot complain. *Nichols* v. *State,* 26 N. E., 839; *Griffith* v. *State,* 36 Ind., 406.

But the construction contended for by appellant is not the correct one. The imprisonment provided by the statute is an additional penalty for failure to pay the fine and costs immediately, and the section is to be read just as if a comma were used instead of the semicolon, just as the same provision is written in section 1132 of the code.

If appellant's position is sound then a lighter punishment is imposed upon the gambler than upon any other misdemeanant, because a person fined for a misdemeanor even to the amount of ten dollars is always compelled to pay the fine or go to jail until the fine and costs are paid. Such misdemeanant can be kept in jail for two years, or, if he is sent to a farm or hired out to a contractor, he works it out usually at five dollars per month.

This compels one who is fined ten dollars and costs to suffer punishment longer than the maximum imprisonment fixed by section 1122. If the construction appellant's counsel give the statute were correct, we would have this situation: One defendant is convicted of a petit misdemeanor as, for instance, killing birds out of season, or robbing certain birds' nests, or carelessly blocking a highway, and for such misdemeanor he is fined ten dollars and costs, fine and costs aggregating twenty-five dollars, and another defendant is convicted of gambling under section 1122, Code 1892, and sentenced to pay a fine of $500, and if the same is not paid immediately, to imprisonment for twenty days in the county jail. If the first does not pay his fine he will have to go to the farm and work it out at five dollars per month, which will keep him in confinement for five months, but the other can exercise his choice of imprisonment in lieu of the fine, refuse immediately to pay the fine and then go to the county jail for twenty days, and at the end of that time come out relieved of all his fine and costs. No such result as this was ever contemplated by the legislature.

TRULY, J., delivered the opinion of the court.

Upon perfectly plain proof, appellant was convicted of gambling, under section 1122, Code 1892, and sentenced to pay a fine of $500 and costs. When this sentence was pronounced, the defendant moved the court to enter judgment upon the sentence that, "unless the said fine and all costs be immediately paid, the defendant be confined in the jail twenty days"—in the language, it will be observed, of the last clause of section 1122. This motion was by the court overruled, and thereupon judgment was entered, sentencing defendant to pay said fine and all costs, and providing that he should "stand committed until said fine and costs are paid," as required by chapter 76, sec. 3, p. 67, Laws 1894. The overruling of this motion by the court, and the order committing the defendant until fine and costs are

paid, constitute the main ground upon which counsel for appellant base their argument for reversal. It is contended that section 1122 states two different punishments in the alternative; that one convicted and sentenced to pay fine and costs under that section cannot rightfully be committed as required by the terms of the general law regulating the collection of fines, but, if said fine and costs be not immediately paid, the prisoner must be committed to the county jail for not more than twenty days; that the term of imprisonment is in lieu of the fine and costs imposed, and not an additional penalty for failure to promptly comply with the sentence of the court.

We do not think the statute will bear the construction contended for on behalf of appellant. It does violence to the wording and evident meaning of the section. The two punishments are not stated in the alternative, the imprisonment being plainly an additional penalty to be inflicted upon failure to promptly pay the fine imposed. Note the difference in the phraseology of section 1131, where a substantially similar provision is stated in the alternative. The construction contended for on behalf of appellant, if adopted, would lead inescapably to the conclusion that it was the legislative design to deal more leniently with those convicted of gambling than with any other class of offenders. It would allow the convicted gamester, sentenced to pay a fine of $500 and costs, to secure his release without the outlay of a dollar by spending a few days in idleness in the county jail, while another, convicted of any other misdemeanor known to our law, if unable to pay his fine, no matter how small, would have to work out his penalty at hard labor for a convict contractor. To hold that the imprisonment mentioned in this section is an alternative punishment, and intended to operate as a legal remission of the fine and costs imposed, would produce a condition of affairs anomalous and unprecedented in criminal jurisprudence. It would give the convict the privilege of selecting his own method of punishment.

It would be practically granting leave and license to the gambler, and then, if convicted, allow him to deliberately dictate to a court of justice what punishment he should bear, and to choose whether it would be less detrimental to his business interests to pay the fine imposed, or to idle away a few days in jail. In the instant case it would grant appellant the option of deciding which penalty he would suffer—a condition of things not in harmony with our system of criminal jurisprudence, where the courts, not the criminals, fix the punishment under the law.

In order to ascertain the legislative intent, we have carefully considered the statute in question in the light of the laws controlling the subject-matter therein treated in force at the date of its enactment, so that, by a knowledge of the state of affairs then existing, we could discover what evil the law was intended to remedy. In practically its present language this provision is first found in the code of 1857. At that date there was no system in force whereby fines imposed as punishment could be collected by the hiring of the convicted misdemeanant. Persons sentenced to pay such fines, were not, as is now the case, by operation of law, committed until fines and costs should be paid. Fines were collected by execution, or by capias *ad satisfaciendum,* issued after the adjournment of court; and parties held under such capias, or even if specially committed by the order of the court, had an easy and speedy method of procuring their release from custody. Under this condition of things, the legislature, by the passage of the provision now under discussion, took away from those convicted of gambling the leniency extended to others convicted of other misdemeanors, by providing that they should immediately pay the fine and costs imposed, and upon failure they were to suffer an additional penalty of a stated term of imprisonment; the legislature, dealing with our citizenship as it then was, evidently believing that the threat of imprisonment in the county jail, no matter how brief

the term, would be sufficient to insure the immediate payment of any fine imposed. We have carefully traced this provision since its enactment in 1857, and from its wording and construction, and when considered in the light of the laws governing the collection of fines existing at the date of its enactment, we entertain no doubt that the imprisonment mentioned therein was intended as an additional penalty to the fine and costs prescribed by the first clause of the section. We think this is a far more reasonable interpretation than to conclude that it was the legislative design to provide an easy loophole of escape for those who preferred to save their money by suffering a temporary confinement, or that it was intended to afford protection to the unlucky or impoverished gamester. We are fortified in this position by that provision of our criminal law which says that all laws in reference to gambling are remedial, and are to be construed liberally—not liberally in favor of the culprit, but for the suppression of vice.

It may be, as suggested in the able and logical brief for the state, that the court below should have added a term of imprisonment upon nonpayment of the fine; but, if this was error, it was in appellant's favor, and he cannot complain, and the state has not. *Thomas* v. *State,* 73 Miss., 46, 19 South., 195.

We think the motion for a new trial was properly overruled. The statement attributed to Juror Cook, and denied by him, was not sufficient cause for setting the verdict aside.

We have given every assignment of error careful consideration, but we find no reversible error.

*Affirmed.*