STATE, Respondent, v. KINNEY, Appellant.

(221 N. W. 250.)

(File No. 6704. Opinion filed September 29, 1928.)

*Harry Kunkle,* of Yankton, for Appellant.

*Lee H. Cope,* of Yankton, and *Buell F. Jones,* of Britton, for the State.

BURCH, P. J. Defendant was convicted upon an information charging the sale of intoxicating liquor. The information did not charge that the act was a second offense, but during the trial of the case on cross-examination it appeared that defendant had been convicted of a prior offense of the same character. A day or two after the verdict of guilty and before sentence, the state's attorney obtained an order to show cause why the defendant should not be sentenced as for a second offense. The application for the order to show cause was supported by an affidavit of the state's attorney and by the records of the conviction of the first offense. After hearing the order to show cause, the court sentenced defendant as for a second offense to imprisonment in the penitentiary for a term of 18 months.

The only assignment of error is that the court erred in imposing sentence. The Attorney General in his brief for the respondent admits that the court was without jurisdiction to so sentence appellant, and suggests that the judgment should be set aside and the cause remanded to the trial court for a proper sentence.

We think there can be no question that the court did not have jurisdiction to sentence the appellant to the penitentiary, where his conviction was upon an information charging a misdemeanor punishable only by fine and imprisonment in the county jail. The great weight of authority supports the doctrine that where a first offense is a misdemeanor, and a second or subsequent offense of the same character is a felony, a former conviction is an essential element of the second or subsequent offense charged as a felony, and, being an essential element of the crime, must be alleged in the information and proved on the trial. State v. Schaller, 49 S. D. 398, 207 N. W. 161; Paetz v. State, 129 Wis. 174, 107 N. W. 1090, 9 Ann Cas. 767. See, also, 14 R. C. L. 190, § 35, and citations there given. But the pronouncing of a void sentence does

not oust the court of jurisdiction to pronounce a valid one, and where the court has exceeded its authority in pronouncing sentence the judgment may be vacated and the cause remanded for a valid sentence. State v. Schaller, 49 S. D. 398, 207 N. W. 161; Territory v. Conrad, 1 Dak. 363 (348), 46 N. W. 605; Bedell v. State, 50 Miss. 492; Thomas v. State, 73 Miss. 46, 19 So. 195; Washington v. State, 76 Miss. 270, 24 So. 309; State v. Johnson, 94 N. C. 863; People v. Johnson, 71 Cal. 384, 12 P. 261; People v. Eppinger, 114 Cal. 350, 46 P. 97; State v. Child, 42 Kan. 611, 22 P. 721; Hussy v. People, 47 Barb. (N. Y.) 504; Watson v. State, 2 Wash. 504, 27 P. 226.

The judgment appealed from is therefore reversed, and the cause is remanded to the trial court, with directions to sentence defendant as and for a first offense of the crime charged.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.