STATE, Respondent v. REED et al., Appellants

(63 N. W.2d 792)

(File No. 9404. Opinion filed April 7, 1954)

**Robert S. Golden** and **T. R. Johnson,** Sioux Falls, for Defendant-Appellant, Shurell Reed.

**Ralph A. Dunham,** Atty., Gen., **Walter Mueller,** Asst. Atty. Gen., **R. M. Bielski,** State's Atty., Minnehaha County, Sioux Falls, for Plaintiff-Respondent.

SMITH, P. J.   The defendant Shurell Reed appeals from a judgment of conviction of the offense of having three thousand bullhead fish in his possession with intent to sell the same.   His principal assignments will be separately stated and briefly considered.

The defendant was sentenced to 30 days in jail and fined $1,500, under a charge contained in a single count.   It is asserted that the statute contemplates only a maximum penalty of $100 or a 30-day jail sentence under a single count no matter how many fish are involved.   The contention is inadmissible.

■   The pertinent provisions of the controlling statute read:

> "* * * shall be guilty of a misdemeanor and shall be punished by a fine of not less than ten dollars nor more than one hundred dollars or by imprisonment in the county jail not less than ten nor more than thirty days for each * * * fish, or any part thereof, * * * had in possession with intent to sell, * * *.   Such fine, however, shall not exceed two thousand dollars or such imprisonment exceed the term of one year."   SDC 25.9901.

We perceive no ambiguity in these provisions. A legislative intention to create a single offense involving one or more fish and to have the courts mete out punishment according to the number of fish possessed could hardly be more clearly expressed. See State v. Rodman, 58 Minn. 393, 59 N.W. 1098. The case of State v. Sullivan, 172 Wash. 530, 22 P.2d 56, upon which defendant predicates his contention is distinguished by the fact that it deals with statutes which require separate offenses to be stated in separate counts, and make the killing of each bird or animal a separate offense.

■ Based upon the $500 limitations contained in SDC 32.0912 and SDC 32.0918 dealing with the civil jurisdiction of our municipal courts, defendant contends that a misdemeanor carrying a maximum penalty of over $500 is beyond the jurisdiction of such courts. The legislature has said that "The municipal court shall have original jurisdiction in **all cases** of misdemeanor, committed or triable within the county in which the city is situated." SDC 32.0919. To so provide is within its powers. South Dakota constitution, Art. V, §§ 1 and 23. We are unaware of a reason for doubting that the legislature meant what it has so clearly said. Cf. State v. One Studebaker Automobile, Engine No. 27824, 50 S.D. 408, 210 N.W. 194.

■ ■ The next contention is that the court erred in imposing both a fine and a jail sentence. This position is well taken. By reference to the quotation from SDC 25.9901, supra it will be observed that the power granted to the court is to fine **or** imprison the defendant. The provision "or by both such fine and imprisonment" contained in SDC 25.9902 and in a great number of our criminal statutes is not contained in this statute. It is generally held that a provision for a fine **or** imprisonment does not authorize a court to impose a sentence for both a fine and imprisonment. 24 C.J.S., Criminal Law, § 1982 (c), page 1198. In so sentencing defendant the trial court exceeded its powers.

■ The defendant questions the sufficiency of the evidence. It is provided by SDC 25.0606 that "Nothing in this chapter shall be construed to prevent any resident of this state from personally carrying with him * * * on any train

or other conveyance, the protected or game fish which may be legally in his possession * *." Pointing to a regulation of the Department of Game, Fish & Parks which permitted the taking and possession of bullhead without limit in two counties, defendant asserts the proof to be insufficient to show the fish in question were not legally in his possession. The contention ignores two matters. First: Proof of possession is prima facie evidence that the fish were taken from South Dakota waters. SDC 25.0416. Second: Even though legally taken from the waters of the counties named in the cited regulation, it would be illegal to have the fish in possession with intent to sell them. SDC 25.9901. SDC 25.0606 affords no privileges to such an offender.

Defendant introduced no evidence. Witnesses for the state testified that defendant was found with over three thousand dressed and iced bullheads in his possession. He admitted to the officers who arrested him that he was then on his way to market the fish. We deem the evidence sufficient to support the verdict.

A reversal is not required because the trial court exceeded its jurisdiction in pronouncing sentence. State v. Kinney, 53 S.D. 521, 221 N.W. 250. Finding no prejudicial error in the record, and being of the opinion that defendant had a fair trial, our order will be that the judgment below be vacated and the cause remanded with direction that the trial court sentence the defendant.

All the Judges concur.