STATE, Respondent v. STEFFENSON, Appellant

(178 N.W.2d 561)

(File No. 10667. Opinion filed July 7, 1970)

**Beardsley, Osheim & Wagner,** Watertown, for defendant and appellant.

**Gordon Mydland,** Atty. Gen., **R. James Zieser,** Asst. Atty. Gen., Pierre, **John L. Foley,** State's Atty., Watertown, for plaintiff and respondent.

HANSON, Judge.

A preliminary information filed in the Municipal Court of Watertown charged defendant with the offense of driving while under the influence of alcoholic liquor on March 27, 1968 contrary to SDC 1960 Supp. 44.9922 (now SDCL 32-23-1). Defendant waived preliminary hearing and was bound over to circuit court. The preliminary information did not

allege prior convictions, but the transcript of proceedings of the committing magistrate contained the following notation: "and it appearing defendant has had two prior convictions of driving while intoxicated, and could be subjected to a penalty out of the jurisdiction of this Court by reason of such prior convictions."

On September 3, 1968 an Information was filed in circuit court charging defendant with the offense of driving while under the influence of alcoholic liquor as alleged in the preliminary information. The state's attorney also filed on the same day a supplemental pleading entitled "Information Part II" which alleged that defendant had been convicted of the same offense in 1962 and 1965 and requested he be sentenced for having been previously twice convicted of the offense charged in the Information.

Separate motions to quash and dismiss Part II of the Information were made by defendant and denied by the court. Thereafter, on September 16, 1968 defendant changed his plea of "not guilty" to "Guilty" to the offense alleged in the Information. He also pleaded guilty to Part II of the Information and was sentenced to serve a term of six months in the county jail. On his appeal, which is not questioned by the State, defendant principally contends (1) he was not properly bound over to circuit court as he did not have a preliminary hearing on Part II of the Information, and (2) his plea of guilty to the Information barred conviction under Part II. Both contentions are necessarily based on the assumption that the allegations of prior convictions in Part II of the Information created a separate crime or constitute an essential element of the primary crime alleged in Part I of the Information. Neither assumption is correct.

On the first conviction of the crime of driving while intoxicated a defendant may be imprisoned in the county jail not exceeding 90 days, fined not exceeding $300, and be prohibited from operating a motor vehicle on the public highways not exceeding one year, SDCL 32-23-2. The punishment is greater for a second offense, SDCL 32-23-3, and for a third offense a defendant may be imprisoned in the state penitentiary for not more than three years, SDCL 32-23-4. In-

creased penalty provisions of this nature are common. "The legislature has the right or discretion to provide heavier punishment for habitual criminals, or subsequent offenders, than for first offenders, and, under statutory authority in many jurisdictions, where a person is convicted of successive offenses, or of subsequent violations of the same statute, the court in sentencing accused is authorized to inflict a penalty more severe than that provided for a first offense." 24B C.J. S. Criminal Law §1958, p. 429. As expressed in State v. Staples, 100 N.H. 283, 124 A.2d 187, "The bearing which the operation of motor vehicles by persons under the influence of intoxicating liquor has upon the ever-mounting accident and death toll on our highways is a matter of common knowledge and concern. The purpose in providing a heavier punishment for a second offense is 'to compel obedience * * * when the milder sentence has failed in that respect' ".

The procedure followed by the State in this case is statutorily directed:

"23-32-9. **Information alleging prior conviction —Separate parts each signed by prosecutor.**— In any criminal case brought pursuant to the provisions of chapter 22-7, or the provisions of § 32-23-3 or § 32-23-4, wherein the information alleges, in addition to the principal offense charged, a former conviction or convictions, such information shall be in two separate parts, each signed by the prosecutor. In the first part the particular offense with which the accused is charged shall be set out, and in the other part the former conviction or convictions shall be alleged."

"23-32-10. **Information alleging prior conviction—Plea by accused on first part—Method of trial, election.**—The plea and election of method of trial by the accused shall be first taken only on the first part of the information described in § 23-32-9, but before he is put to plea thereon he shall be informed by the judge, in the absence of the jury, of the contents of the second part. There shall be entered in

the minutes of the court the time and place when and where the judge so informed the accused, and like entry thereof shall be made in the judgment."

"**23-32-11. Information alleging prior conviction—Finding of guilty on first part—Election on second part.**—On a finding of guilty on the first part of the information described in § 23-32-9, plea shall be taken and, if necessary, election made on the second part and trial thereon proceeded with, and until such time no information as to the second part of the information shall be divulged to the jury. If the accused shall have elected a jury trial on the second part of the information, such trial may be had to the same or another jury as the court may direct."

Some jurisdictions, as defendant points out, require the issue of prior convictions to enhance punishment be alleged and tried in the same manner as the primary offense charged. See Carter v. State, Okl.Cr., 292 P.2d 435 and note in 33 N.Y.U.L.Rev. 210. However, such procedure is not generally considered to be constitutionally required and our procedure reflects the modern view. State v. Griffin, 257 Iowa 852, 135 N.W.2d 77. It avoids prejudice to an accused by withholding the issue of prior convictions until after conviction of the primary offense charged. State ex rel. Medicine Horn v. Jameson, 78 S.D. 282, 100 N.W.2d 829. It satisfies due process by granting an accused timely and formal notice of the alleged prior convictions before pleading to the primary charge, in the absence of the jury, and for a trial on the issue of recidivism after conviction. It, furthermore, conforms to the requirement that "where the statute imposes an additional penalty for subsequent convictions, the information upon the subsequent offense should allege the prior conviction. Especially is this true where the first offense is a misdemeanor and the subsequent offense a felony." State v. Schaller, 49 S.D. 398, 207 N.W. 161, and State v. Kinney, 53 S.D. 521, 221 N.W. 250. However, contrary to the language used in State v. Kinney the issue of prior convictions is not an "essential element" of the offense charged. It is merely an incident relating to the punishment

which may be imposed. State v. O'Neal, 19 N.D. 426, 124 N.W. 68. As stated in State v. Cameron, 126 Vt. 244, 227 A.2d 276, "The fact of a prior conviction or convictions does not become material until after the conviction of the accused on the substantive offense on trial is established * * * and then only for the purpose of enabling the trial judge to impose the proper sentence."

The purpose of a preliminary examination is to determine whether or not "a public offense has been committed" and if "there is sufficinet cause to believe the defendant guilty thereof." SDCL 23-27-16. See also State ex rel. Stevenson v. Jameson, 78 S.D. 431, 104 N.W.2d 45. It is not concerned with the issue of whether or not the accused may be subjected to additional punishment because he may be a persistent violator, State v. Dunn, 91 Idaho 870, 434 P.2d 88, as prior conviction is not an element of the offense charged and the possible infliction of a more severe penalty on an accused who is a persistent violator does not create or constitute a new, separate, or independent offense. State ex rel. Smith v. Jameson, 70 S.D. 503, 19 N.W.2d 505. Consequently, defendant was not entitled to a preliminary examination on the incidental issue of prior convictions. State v. Graham, 68 W.Va. 248, 69 S.E. 1010; 224 U.S. 616, 32 S.Ct. 583, 56 L. Ed. 917; Rains v. State, 142 Neb. 284, 5 N.W.2d 887; Murphy v. State, 50 Ariz. 481, 73 P.2d 110; People v. Palm, 245 Mich. 396, 223 N. W.67, and Mann v. State, 200 Kan. 422, 436 P.2d 358. Also defendant's plea of guilty to Part I of the Information did not constitute a bar to the imposition of a greater penalty because of prior convictions alleged in Part II. The issue of prior convictions is a matter of identification rather than guilt or innocence. If defendant is found to be the same person who committed the alleged prior offenses, his punishment may be enhanced according to the statute as a persistent violator. See SDCL 22-6-4.

Finding no merit in defendant's other asserted error, the judgment appealed from is affirmed.

All the Judges concur.