James LeRoy PERDUE, Petitioner
and Appellant,

v.

STATE of South Dakota, Appellee.

No. 14157.

Supreme Court of South Dakota.

Considered on Briefs Oct. 27, 1983.

Decided Dec. 7, 1983.

Thomas M. Frankman of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for petitioner and appellant.

Richard H. Wendt, Asst. Atty. Gen., for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Justice.

This is an appeal from a judgment denying a petition for post-conviction relief. We affirm.

On November 9, 1978, petitioner was sentenced to the South Dakota State Penitentiary for a period of ten years following his conviction on a charge of second degree manslaughter. In June of 1979, the circuit court suspended the balance of the sentence and placed petitioner on probation. On July 25, 1980, petitioner was indicted for first degree burglary. On August 4, 1980, petitioner was indicted for escaping from the Regional Correction Center at Huron, South Dakota, on July 26, 1980. Part II habitual offender informations were filed at the arraignments on both the burglary and escape indictments.

Petitioner initially pleaded not guilty to the burglary, escape, and habitual offender charges, but later withdrew his not guilty pleas and pursuant to a plea agreement pleaded guilty to the charges. Prior to the withdrawal of the not guilty pleas, both the trial court and petitioner's counsel had informed petitioner that because of the habitual offender informations he could face a maximum sentence of life imprisonment on the first degree burglary charge and a maximum sentence of fifteen years' imprisonment on the escape charge. In the absence of enhancement of punishment under the habitual offender statute, the maximum sentence for first degree burglary, a class 2 felony (SDCL 22–32–1), would have been twenty-five years' imprisonment and a $25,000 fine. SDCL 22–6–1(3). The maximum sentence for escape, a class 4 felony (SDCL 22–11A–2), would have been ten years' imprisonment and a $10,000 fine. SDCL 22–6–1(6). Petitioner was sentenced to thirty-five years' imprisonment on the

burglary conviction and fifteen years' imprisonment on the escape conviction.

Petitioner contends that his sentences exceed that which was allowed by law since SDCL 22–7–7,* the statute upon which the habitual offender informations were based, was not applicable to him because of SDCL 22–7–9, which provides:

> A prior conviction may not be considered under either § 22–7–7 or § 22–7–8 unless the defendant was, on such prior conviction, discharged from prison, jail, probation or parole within fifteen years of the date of the commission of the principal offense. In addition, only one prior conviction arising from the same transaction may be considered.

Petitioner interprets SDCL 22–7–9 as disallowing the use of a prior conviction unless the defendant has been discharged from jail, probation or parole. Since he had not been discharged from probation at the time the burglary and escape occurred, petitioner maintains that his manslaughter conviction should not have been used to enhance the punishment for the later convictions.

In *State v. Layton and Dennis*, 337 N.W.2d 809 (S.D.1983), the defendants contended that SDCL 22–7–9 precluded enhancement of their punishment under the habitual offender statute because they had not been discharged from the imprisonment resulting from their prior felonies. We rejected this contention and interpreted SDCL 22–7–9 to be a limitations statute designed to preclude the use of stale convictions. We conclude that the same interpretation of SDCL 22–7–9 governs petitioner's case. Accordingly, we hold that petitioner's manslaughter conviction was prop-erly considered by the trial court in enhancing the sentences imposed upon petitioner.

Our holding on this issue makes it unnecessary to consider petitioner's remaining contentions.

The judgment denying post-conviction relief is affirmed.

DUNN, MORGAN and HENDERSON, JJ., concur.

FOSHEIM, C.J., deeming himself disqualified, did not participate in this opinion.

---

* SDCL 22–7–7 provides:

> When a defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe. The determination of whether a prior offense is a felony for purposes of this chapter shall be determined by whether it is a felony under the laws of this state or under the laws of the United States at the time of conviction of such prior offense. For the purpose of this section, if the principal felony is not classified it shall be enhanced to the class which has an equal maximum imprisonment. For the purposes of this section, if the maximum imprisonment for the principal felony falls between two classifications, the principal felony shall be enhanced to the class which has the less severe maximum authorized imprisonment.