**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Maxine MYERS, Defendant and Appellant.**

**No. 13799.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 21, 1983.

Decided April 4, 1984.

Mark Smith, Asst. Atty. Gen., Pierre, and Thomas E. Blue, Legal Intern, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Stanley E. Whiting of Day, Grossenburg & Whiting, Winner, for defendant and appellant.

MORGAN, Justice.

Defendant appeals from a conviction for a third offense of driving while under the

influence of an alcoholic beverage. Defendant pleaded guilty to a part I information charging her with DWI but pleaded not guilty to a part II information charging that the offense was a third DWI offense. The state and the defendant stipulated to the facts of the first and second offenses and the court entered a judgment of guilty on the third DWI offense. Defendant was sentenced to two years in the penitentiary. We affirm.

The first offense and arrest occurred on August 12, 1977. Defendant was convicted of that offense on December 15, 1977. Defendant's second DWI conviction occurred on September 2, 1981. The date of the occurrence of the second offense does not appear in the record. The alleged third offense occurred on August 18, 1981, to which defendant entered a plea of guilty on a part I information on April 15, 1982.

We have been asked to interpret SDCL 32–23–4.1 which states: "No previous conviction for, or plea of guilty to, an offense under §§ 32–23–2 to 32–23–4, inclusive, occurring more than four years prior to the date of the violation being charged shall be used to determine that the violation being charged is a second, third or subsequent offense." * The question is whether the four year period prior to the date of the most recent violation must include the date of prior *offenses* or the date of *conviction* on such offenses to determine if the most recent violation is a second, third, or subsequent offense.

■ A presumption of innocence exists before a defendant is convicted. This presumption cannot be used to enhance any penalty. Therefore, only convictions occurring on a date within the four years prior to the most recent offense are to be used in determining whether the most recent violation is a second or third offense. This is consistent with our prior interpretations that it is the previous DWI *conviction* or *plea of guilty* which affects enhancement. *See State v. Dassinger,* 294 N.W.2d 926 (S.D.1980); *State v. Bacon,* 286 N.W.2d 331 (S.D.1979).

■ Defendant's most recent offense, which she pleaded guilty to, occurred on August 18, 1981. The four years prior to this offense included a conviction on December 15, 1977. The conviction for the second offense occurred on September 2, 1981, which was after the occurrence of the most recent offense. On April 15, 1982, when defendant pleaded guilty to the most recent offense, she had been convicted a second time on September 2, 1981. The September 2, 1981, conviction may be included as a second offense because SDCL 32–23–4.1 is a limitations statute designed to preclude the use of state convictions occurring four years *prior* to the date of the most recent offense. This enhancement statute imposes no restriction on the use of convictions or pleas occurring *after* the most recent offense but before the plea or conviction on the most recent offense. *Cf. Perdue v. State,* 341 N.W.2d 382 (S.D. 1984); *State v. Layton,* 337 N.W.2d 809 (S.D.1983). Therefore, the circuit court correctly found defendant guilty of a third offense DWI as alleged in the part II information.

■ We also reject defendant's contention that SDCL 32–23–4.1 violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. To classify persons who may have committed prior DWI offenses on the basis of whether they are *convicted* of DWI offenses or are only *alleged* to have committed an offense is hardly arbitrary, irrational, or without some legitimate legislative purpose. *See Railway Express Agency v. New York,* 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949); *City of Aberdeen v. Meidinger,* 89 S.D. 412, 233 N.W.2d 331 (1975).

---

* In 1983 the legislature amended this statute to read as follows:
  No previous conviction for, or plea of guilty to a violation of § 32–23–1 occurring more than five years prior to the date of the viola-

tion being charged may be used to determine that the violation being charged is a second, third or subsequent offense.
1983 S.D.Sess.Laws ch. 244, § 2.

The circuit court's judgment of conviction is affirmed.

FOSHEIM, C.J., and DUNN, J., concur.

WOLLMAN and HENDERSON, JJ., concur in part and dissent in part.

WOLLMAN, Justice (concurring in part, dissenting in part).

I agree that it is the date of the conviction that governs when applying the four (now five) year time limitation provided by SDCL 32–23–4.1. I also agree that there is no merit to appellant's equal protection claim.

I do not agree, however, with the holding that the September 2, 1981, conviction could be used to enhance the penalty for a conviction resulting from an offense that occurred prior to the September 2, 1981, conviction. SDCL 32–23–4.1 speaks of convictions occurring prior to the date of the violation being charged, not to the date of the plea or conviction on the currently charged violation.

I am authorized to state that HENDERSON, Justice, joins in this concurrence in part, dissent in part.