#25990-rev & rem-DG

**2012 S.D. 5**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                          Plaintiff and Appellee,

  v.

JOHN WILLEY,                                     Defendant and Appellant.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JANINE M. KERN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

MAX A. GORS
Assistant Attorney General
Pierre, South Dakota                            Attorneys for plaintiff
             and appellee.


JAMY PATTERSON
Pennington County Public
 Defender's Office
Rapid City, South Dakota                         Attorneys for defendant
             and appellant.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 9, 2012

OPINION FILED **02/01/12**

#25990

GILBERTSON, Chief Justice

[¶1.] John Willey appeals from a conviction on a Part II information charging that the accompanying driving under the influence (DUI) conviction was his third DUI offense. Willey argues that a conviction that occurred after his arrest on the principal offense was invalid for enhancement purposes. We reverse and remand.

## FACTS & PROCEDURAL HISTORY

[¶2.] Willey was first arrested for DUI in 2008 in Pennington County. He was convicted in February 2009. Willey was arrested for DUI in May 2010 in Meade County. He pleaded guilty on August 30, 2010, and was convicted on September 27, 2010. Willey was last arrested for DUI on August 8, 2010 in Pennington County.[1]

[¶3.] For Willey's August 2010 arrest, the State initially charged him with DUI second offense, but later amended the complaint to DUI third offense, a class 6 felony, because of Willey's guilty plea on August 30. An arraignment hearing was held in November 2010 after the State filed a Part II information that alleged Willey had two prior DUI convictions (February 3, 2009 and September 27, 2010). Willey filed a motion to strike the Part II information. He argued that the conviction from Meade County on September 27, 2010 was invalid for enhancement

---

1. Willey was also arrested for DUI in April 2010 in Pennington County. However, he was not convicted until March 21, 2011. Neither party contends that this DUI conviction could have been used to enhance the principal offense.

-1-

purposes under SDCL 22-6-5.2. The motion was denied.[2] The circuit court ruled that *State v. Myers*, 346 N.W.2d 436 (S.D. 1984), controlled, such that SDCL 32-23-4.1 did not impose a restriction on the use of the September 27, 2010 conviction.

[¶4.]    After a stipulated court trial in February 2011, Willey was convicted of DUI based on the August 8, 2010 arrest. The next day, a jury convicted him on the Part II information, finding that he had two prior DUI convictions, one on February 3, 2009 and one on September 27, 2010. Willey was sentenced to two years in the penitentiary. Willey appeals the enhanced conviction.

## STANDARD OF REVIEW

[¶5.]    The parties do not dispute the findings of fact. The legal issue is whether the circuit court erred in concluding that, under case law and South Dakota statutes, the Part II information was valid. "Because the application of a statute to particular facts involves a question of law, we review the circuit court's conclusions de novo." *State v. Talarico*, 2003 S.D. 41, ¶ 10, 661 N.W.2d 11, 16.

## ANALYSIS

[¶6.]    The issue we address is whether a DUI conviction occurring after the arrest for the principal DUI offense could be considered to enhance the principal offense. Willey committed the principal offense before his guilty plea or conviction on his second offense. The circuit court overruled Willey's objection to using the second offense conviction to enhance the principal conviction. The circuit court and State rely on SDCL 32-23-4.1 and *Myers*, 346 N.W.2d 436. SDCL 32-23-4.1 provides

---

2.    Willey's petition to allow an appeal from an intermediate order was denied by this Court in February 2011.

in relevant part: "No previous conviction for, or plea of guilty to, a violation of § 32-23-1,[3] 22-18-36, or 22-16-41 occurring more than ten years prior to the date of the violation being charged may be used to determine that the violation being charged is a second, third, or subsequent offense."

[¶7.]        SDCL 32-23-4.1 was last amended in 2010.  The only relevant authority relying on this statute is *Myers*, 346 N.W.2d 436.  In *Myers*, the Court framed the issue as "whether the [ten-]year period prior to the date of the most recent violation must include the date of prior *offenses* or the date of *conviction* on such offenses to determine if the most recent violation is a second, third, or subsequent offense." *Id.* at 437.  The Court concluded that the second conviction could be used to enhance even though the conviction occurred after the third offense

---

3.      SDCL 32-23-1 provides:

> No person may drive or be in actual physical control of any vehicle while:
> (1) There is 0.08 percent or more by weight of alcohol in that person's blood as shown by chemical analysis of that person's breath, blood, or other bodily substance;
> (2) Under the influence of an alcoholic beverage, marijuana, or any controlled drug or substance not obtained pursuant to a valid prescription, or any combination of an alcoholic beverage, marijuana, or such controlled drug or substance;
> (3) Under the influence of any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving;
> (4) Under the combined influence of an alcoholic beverage and or any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving; or
> (5) Under the influence of any substance ingested, inhaled, or otherwise taken into the body as prohibited by § 22-42-15.

"because SDCL 32-23-4.1 is a limitations statute designed to preclude the use of state convictions occurring [ten] years *prior* to the date of the most recent offense. This enhancement statute imposes no restriction on the use of convictions or pleas occurring *after* the most recent offense but before the plea or conviction on the most recent offense." *Id.*[4]

[¶8.]    Willey asserts that SDCL 22-6-5.2, enacted in 2005, applies to limit the effect of *Myers'* holding. SDCL 22-6-5.2 provides: "No enhanced penalty may be imposed for any second, third, or subsequent violation unless the defendant was convicted of or plead[ed] guilty or nolo contendere to the prior offense previous in time to committing the relevant second, third, or subsequent offense." Although we concluded in *Myers* that SDCL 32-23-4.1 did not impose a restriction on the use of convictions or pleas occurring after the principal offense but before the principal plea or conviction, we were not analyzing the statute under the direction of SDCL 22-6-5.2.

[¶9.]    SDCL chapter 22-6 governs authorized punishments for all crimes unless a more specific statute controls. We can see no reason why SDCL 22-6-5.2 would not apply to SDCL chapter 32-23. The plain language of SDCL 22-6-5.2 controls. The Part II information in this case constitutes an enhanced penalty. Under the facts of this case, Willey cannot receive an enhanced penalty for a third

---

4.    We note that *Myers* was a 3-2 decision. The dissent noted that "SDCL 32-23-4.1 speaks of convictions occurring prior to the date of the violation being charged, not to the date of the plea or conviction on the currently charged violation." *Myers*, 346 N.W.2d at 438. The dissent would not have allowed the enhancement.

offense DUI because he had not been convicted or pleaded guilty or nolo contendere to the second offense "previous in time to committing the relevant second, third, or subsequent offense."

[¶10.] We believe this outcome is consistent with *State v. Gehrke*, 474 N.W.2d 722 (S.D. 1991). In *Gehrke* we examined whether the sentence for the principal offense could be enhanced under SDCL chapter 22-7, the habitual offender chapter, if the conviction on the prior felony occurred after the commission of the principal offense. *Id.* at 724-26. We adopted the rule of a majority of jurisdictions that SDCL chapter 22-7 requires that the prior felony conviction precede the commission of the principal offense. *Id.* at 726. In addition to the language of SDCL 22-7-11 and applicable case law, we noted that such a rule "promotes certainty and uniformity in the application of the habitual offender statutes . . . ." *Id.*

[¶11.] We emphasize that reversing the circuit court would not change or "repeal by implication" SDCL 32-23-4.1. That statute is still relevant for calculating and limiting the use of convictions occurring outside the ten-year period when charging a new offense. When determining whether an offense may be used for enhancement purposes, we must rely on the more specific statute, SDCL 22-6-5.2. Based on the enactment of SDCL 22-6-5.2, we reverse and remand.[5]

[¶12.] KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.

---

5. Willey also argues that the circuit court abused its discretion by admitting certain fingerprint cards into evidence. Because we reverse and remand on the first issue, we do not address this argument.